## Jennie A. Brown v. H. C. Brown.

## Jennie A. Brown v. W. N. Brown, Sr.

(Decided December 15, 1916.)

### Appeals from Mercer Circuit Court.

1. Divorce—Alimony—Appeal and Error.—Though the Court of Appeals has no power to reverse a decree of divorce, it may consider the correctness of the decree and the circumstances under which it was rendered, for the purpose of determining whether or not the alimony theretofore granted to the wife was properly reduced by the court.

2. Divorce—Living Apart for Five Years—Fault of Parties.—Section 2117, subsection 2 of the Kentucky Statutes, makes living apart, without any cohabitation for five consecutive years next before the application, an absolute ground for divorce, regardless of the fault of the parties.

3. Divorce—Living Apart for Five Years—Wife's Right to Maintenance and Support.—Where the living apart is due to no fault of the wife but is due altogether to the fault of the husband, a divorce on the ground of living apart, without any cohabitation for five consecutive years next before the application, will not relieve the husband of the obligation to support his wife and children.

**4.** Divorce—Alimony.—A wife sued her husband for alimony and maintenance for herself and children. She was awarded $50.00 per month and the right to occupy the homestead. Several years later the husband sued the wife for absolute divorce, on the ground of five years' separation. The court discontinued her right to occupy the homestead and reduced her allowance to $15.00 per month for four years and $10.83 for two years. At that time the husband was making $50.00 per month: Held, that the wife's right to occupy the homestead was improperly discontinued, and that the husband should pay to the wife $15.00 per month for a period of eight years.

**5.** Homestead—Bankruptcy—Sale of Homestead—Judgment—Parties—Conclusiveness.—Where a wife is not a party to a bankruptcy proceeding instituted by her husband, her right to occupy a homestead allotted to her by the state court several years before the bankruptcy proceeding, in a suit against her husband for alimony and maintenance, is not concluded by the judgment of sale in the bankruptcy proceeding.

**6.** Bankruptcy—Sale of Real Estate—Outstanding Equity—Title. of Purchaser.—Where, in a suit in the state court against her husband for alimony and maintenance, the wife was allotted a homestead in her husband's property several years before the institution of bankruptcy proceedings by the husband, to which she was not a party, the purchaser of the homestead in the bankruptcy proceedings acquires title subject to the outstanding equity in favor of the wife, and his title is not perfected by a judgment of the state court discontinuing the homestead right, though rendered prior to the sale in bankruptcy, where the wife in due time prosecutes an appeal and obtains a reversal of the judgment with directions to enter judgment continuing her homestead right.

E. H. GAITHER for appellant.

C. E. RANKIN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

These two appeals have been heard together and will be considered in one opinion.

The first appeal grows out of the following facts:

On February 28th, 1910, Jennie A. Brown filed a suit against her husband, Henry C. Brown, for divorce and alimony. Thereafter she amended her petition and asked only for alimony and the custody of her three children. Judgment was rendered awarding her the custody of the children, and allowing her $50.00 per month and the right to occupy as a homestead certain property owned by her husband at Talmage.

On January 12th, 1915, Henry C. Brown brought suit against Jennie A. Brown for an absolute divorce on the ground that they had lived separate without co-habitation for five consecutive years last past. Jennie A. Brown answered and alleged in substance that the separation between her and her husband was involuntary upon her part and was caused by his wilful, malicious and vicious acts; that she had then pending in the Mercer circuit court an action for alimony and maintenance for herself and her children and that she and her husband were living separate and apart under the judgment of the court in that action. To this answer a demurrer was sustained, and on motion her suit for alimony and maintenance for herself and children was consolidated with her husband's suit for absolute divorce. On May 21st, 1915, the chancellor granted Henry C. Brown an absolute divorce from his wife. At the same time he adjudged that he should pay to his wife the sum of $980.00 at the rate of $15.00 per month for four years from the date of the judgment, and at the rate of $10.83 per month for two years, beginning at the expiration of the four years. By the same judgment she was again awarded the custody of the children, but her motion to extend the possession of the homestead property theretofore awarded her was overruled. From this judgment she appeals.

The second appeal grows out of the following facts: On March 27th, 1912, Henry C. Brown instituted bankruptcy proceedings in the United States District Court for the Eastern District of Kentucky. Thereafter he was adjudged a bankrupt, and at the meeting of his creditors, W. N. Brown, Jr., was elected trustee. Among the items of property surrendered and listed by the bankrupt was the homestead property at Talmage. Later on a judgment was entered directing the trustee to sell at public action the property of the bankrupt, including the property at Talmage. After due advertisement, the trustee sold the Talmage property in the month of June, 1912, and W. N. Brown, Sr., the father of the bankrupt, became the purchaser. The sale was duly reported and confirmed by the court and the trustee directed to make a deed to the purchaser, which he subsequently did.

On September 2nd, 1915, W. N. Brown, Sr., brought suit against Jennie A. Brown to recover the property in Talmage which had been awarded to her as a home-

stead. The petition sets out the bankruptcy proceedings and plaintiff's acquisition of title by virtue of such proceedings. It further sets out the proceedings in the suit of Jennie A. Brown against her husband for alimony and maintenance and the judgment by which she was awarded a homestead in the Talmage property. It also alleges that at the May term, 1915, of the Mercer circuit court a judgment was entered absolutely divorcing Henry C. Brown from the defendant, Jennie A. Brown, and that this judgment was then in full force and effect. The petition contains an additional allegation to the effect that in the bankruptcy proceedings Henry C. Brown made no claim to homestead. It is also averred that his wife made no claim to homestead in any of his property, and that while she was not a party to the bankruptcy proceeding, she received and had actual notice of its pendency. To this petition Jennie A. Brown filed an answer, denying that she received or had any notice of the bankruptcy proceedings, or of any proceedings to sell the homestead then in her possession. She also averred that prior to the proceedings in bankruptcy she had made claim to, and had been adjudged the right to occupy, the property in question as a homestead. She also pleaded that the bankruptcy proceedings were instituted with the fraudulent intent to deprive her of a homestead; that the only parties to said proceedings were the plaintiff and the mother of the bankrupt; that defendant was not made a party to said proceedings and no notice was given her of its pendency, with the fraudulent intent of preventing her from setting up any claim to the homestead, and that plaintiff himself was a party to the fraud. To this answer a demurrer was sustained and, the defendant declining to plead further, it was adjudged that plaintiff recover the property. The defendant appeals.

1. Though we have no power to reverse the decree of divorce, we may consider the correctness of the decree and the circumstances under which it was rendered, for the purpose of determining whether or not the alimony theretofore granted to the wife was properly reduced by the court. It is suggested in behalf of the wife that the statute authorizing a divorce, where the parties have lived separate and apart without cohabitation for five consecutive years, does not apply, where a separation decree has been awarded the wife and the separation is due solely to the husband's fault

and not to any dereliction on her part. It is true that five years' separation will not be ground for divorce by the husband where the separation is due to the wife's insanity and her consequent confinement in an asylum. Pile v. Pile, 94 Ky. 308. But that principle does not hold in the present case. Here the wife, though living separate and apart from her husband, was not forced to do so by the separation decree, and even though the separation was due to the husband's fault, the statute does not, as in the case of abandonment for one year, make the separation a ground for divorce by the party not in fault. On the contrary, it makes living apart, without any co-habitation for five consecutive years next before the application, an absolute ground for divorce, regardless of the fault of the parties. Kentucky Statutes, section 2117, subsection 2. We are not, however, disposed to hold that where the wife is not in fault, but the fault is due entirely to the husband, a divorce on such ground will relieve the husband of the obligation to support his wife and children. Here the wife has been awarded the custody of the three children. At this time the oldest child, a boy, is fourteen years of age, the next, a girl, is ten years of age, and the youngest, a boy, is five years of age. The only estate which the wife has is $600.00 in cash and one-eighth interest in 135 acres of land, worth about $100.00 an acre, and from which she derives an income of $60.00 or $75.00 a year. Her husband is thirty-nine years of age and, though he has no other property, gets a salary of $50.00 per month. Under the last judgment, the right to occupy the homestead was discontinued and the allowance of $50.00 per month was reduced to $15.00 per month for four years and $10.83 for two years. Viewing the case in the light of the fact that the custody of the children has been awarded the wife and of the husband's obligation, not only to contribute something to the support of his wife, but to maintain his children, we conclude that the chancellor erred in discontinuing the wife's right of homestead and reducing her monthly allowance to the extent indicated. In lieu of the allowance made, the chancellor should have continued the right of the wife and children to occupy the homestead and should have required the husband to pay her a monthly allowance of $15.00 for a period of eight years. This allowance, however, is subject to modification, should a change in the circumstances of the parties demand it.

2. Several years prior to the adjudication of bankruptcy the state court, in Mrs. Brown's suit for alimony and maintenance for herself and children, rendered a judgment giving her the right to occupy the homestead in Talmage, which was subsequently bought by W. N. Brown, Sr., at the sale made by the trustee in bankruptcy. The state court had jurisdiction of the parties and of the subject matter, and full power and authority to adjudge the homesead right. That judgment being for alimony, it was not founded on a claim provable in bankruptcy, or from which a discharge in bankruptcy would be a release. B. A. 1898, Sec. 17 as amended Feb. 5, 1903, 32 Stat. at L. 797; 7 C. J., section 715, page 399. No attempt was made to stay the proceeding in the state court, nor did the trustee appear in that proceeding and assert or obtain any title to the property in question. Subject to certain exceptions not material to this controversy, the trustee in bankruptcy takes only such title or interest in the property as the bankrupt has at the time of the filing of the petition. 7 C. J., section 226, page 133; Zartman v. Waterloo First National Bank, 216 U. S. 134, 54 L. Ed. 418. Hence the title acquired by the trustee in the bankruptcy proceeding referred to was subject to Mrs. Brown's right to occupy the property under the judgment of the state court. Not being a party to the bankruptcy proceeding, Mrs. Brown's rights in the property were in no wise affected or concluded by the proceeding, or the sale made pursuant thereto. It therefore follows that the title which W. N. Brown, Sr., the purchaser in the bankruptcy proceeding, acquired was likewise subject to Mrs. Brown's right of occupancy. Nor was the purchaser's title perfected by the fact that prior to his purchase Mrs. Brown's right of occupancy was discontinued by the judgment of the state court. Her rights were not then concluded. She still had the right of appeal. She has since exercised that right and obtained a reversal of the judgment, with directions to the trial court to enter judgment continuing her homestead right. Under these circumstances, we conclude that W. N. Brown, Sr., the purchaser, is not now entitled to recover possession of the property in question. It follows that the demurrer to the answer of Jennie A. Brown should have been overruled.

The judgment in each case is reversed and cause remanded for proceedings consistent with this opinion.