NARCISSE GUILLOT *vs.* EXILIA GUILLOT.

JUNE 13, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

*(1)   Divorce.   Res adjudicata.   Living Separate and Apart.*

Gen. Laws, 1909, cap. 247, § 3, provides that "whenever in the trial of any petition for divorce from the bond of marriage, it shall be alleged in the petition that the parties have lived separate and apart from each other for the space of at least ten years, the court may in its discretion enter a decree divorcing the parties from the bond of marriage."

*Held,* that as the court cannot exercise its discretion without first ascertaining that the 'parties come within the statutory provision, where the evidence fails to establish such fact the court is without jurisdiction to do any thing except dismiss the petition, leaving the petitioner free to file another petition on similar grounds, when the statutory period has expired.

*(2)   Divorce.   Living Separate and Apart.   Recrimination.*

The granting of a divorce under Gen. Laws, 1909, cap 247, § 3 (living separate and apart for ten years) does not depend upon the previous conduct of the petitioning party, and while testimony of a recriminating character may be admitted it should not be binding upon or control the action of the court, but may be considered by way of aiding the court in the exercise of its discretion.

DIVORCE.   Heard on exceptions of petitioner and sustained.

VINCENT, J.   This is a petition for divorce in which the petitioner alleges that he and the respondent have lived

separate and apart for a period of more than ten years and he therefore claims that he is entitled to a decree of divorce under the provisions of Section 3, Chapter 247 of the General Laws of 1909. A hearing was had upon the petition in the Superior Court and the same was denied and dismissed. The case is now before us upon the exceptions of the petitioner: (1) To the ruling of the court permitting counsel for the respondent to cross-examine the complainant on matters involving evidence of incrimination; (2) To the decision of the trial court denying and dismissing said petition for divorce.

In March, 1918, the petitioner filed in the Superior Court his petition praying for a decree divorcing him from the bond of marriage and from the said Exilia Guillot, the respondent. The petition set forth that the respondent had been guilty of extreme cruelty; that she had deserted the petitioner for more than five years; and that the petitioner and respondent had lived separate and apart from each other for the space of ten years last past.

This petition was heard in the Superior Court on July 2 and 3, 1918. The trial court found that the petitioner had failed to prove either extreme cruelty or willful desertion for five years.

As to the allegation of the petition that the parties had lived separate and apart for the space of more than ten years, the trial judge, after expressing himself to the effect that if the parties had lived separate and apart for ten years there would appear to be no reason for keeping them together and to do so would serve no good purpose, there being no prospect of reconciliation under all the circumstances, denied and dismissed the petition on the ground that it did not definitely appear from the evidence that the separation had existed for the full statutory period of ten years.

On July 20, 1918, the petitioner filed in the Superior Court another petition praying for a decree divorcing him from the bond of marriage and from the said Exilia Guillot, the respondent, setting forth the single ground that the petitioner

and respondent have lived separate and apart for the space of more than ten years last past.

By Chapter 1187 of the Public Laws passed May 18, 1893, now Section 3 of Chapter 247 of the General Laws of 1909, it is provided that, "Whenever in the trial of any petition for divorce from the bond of marriage, it shall be alleged in the petition that the parties have lived separate and apart from each other for the space of at least ten years, the court may in its discretion enter a decree divorcing the parties from the bond of marriage, and may make provision for alimony."

To this second petition the respondent entered a plea of *res adjudicata* claiming that the ground now alleged was included in the prior petition which had been heard, denied and dismissed. The second petition came on for hearing before another justice of the Superior Court. The petitioner claimed that the time which had elapsed between the filing of the two petitions was sufficient to establish, beyond any question, that the separation had continued for the statutory period. There was testimony which would support a finding by the trial court that at the time of the filing of the last petition the parties had not lived together for a period of ten years. The trial judge, however, as appears from his rescript, proceeded upon the assumption that the court, under the former petition, had exercised the discretion conferred upon it by the statute and had dismissed the petition, thus substantially recognizing the plea of the respondent that the question was *res adjudicata*. We think this was error. The court, under the first petition, could not exercise its discretion without first ascertaining that the parties came within the statutory provision, that is, that they had been living separate and apart for ten years. As the court did not and could not so find from the testimony it was powerless and without jurisdiction to do anything further, except to dismiss the petition. The situation here is analogous to that of a petitioner whose petition is dismissed because he has failed to satisfy the court that he has resided within the

state for the full period of two years before preferring his petition. Under such conditions there would be no finding upon the merits of the case and the petitioner would be free to bring another petition based upon the same grounds upon the completion of the required term of residence.

(2)    At the hearing the respondent, in the cross-examination of the petitioner as well as by the testimony of other witnesses, sought to bring out the fact that the petitioner had been guilty of one or more of the statutory offenses for which divorces are decreed and thus bar him from obtaining his divorce. This line of examination was objected to and an exception duly taken.

This raises the question as to whether the defense of recrimination is available against a petition based upon Section 3 of Chapter 247 of our statute. The trial court held that such a defense was available and said in its rescript, "A petition for divorce on the ground of ten years living apart is subject to any applicable principle of divorce law. For example, if it were admitted or indisputably proved that the living apart was the result solely of an agreement to live apart, for the purpose of divorce, divorce would have to be denied for collusion. The defense of recrimination lies on this ground as to a petition on any other ground. If in any case it were clear that the petitioner alone caused the ten years living apart, it does not seem to me that the court would have the right to decree divorce."

We think this view of the law is erroneous. While we are not prepared to follow the decisions of the three other states, in which similar statutes are to be found, to the extent of saying that the trial court cannot admit testimony of a recriminating character, we think that such testimony should not be binding upon or control the action of the court but that it might be considered by way of aiding the court in the exercise of the discretion conferred by the statute. In other words the granting of a divorce under this statute does not depend upon the previous conduct of the petitioning party. It is easy to conceive that the trial

court, under the circumstances of some particular case, might find it for the best interests of both parties and of society that a divorce should be decreed irrespective of the earlier behavior of the petitioner.

The first exception of the petitioner, relating to the admission of recriminating testimony, is overruled, his second exception is sustained and the case is remitted to the Superior Court with direction to give the petitioner a new trial.

*Wm. H. McSoley, Albert B. West,* for petitioner.

*Archambault & Archambault, Severin M. Lamarre,* for respondent.