### Zuna Best v. J. W. Best:

(Decided March 4, 1927.)

## Appeal from Mercer Circuit Court.

1. Divorce—Five Years' Continuous Separation is Ground for Divorce, Though Caused by Cruel and Inhuman Treatment or Other Fault.—Five years' continuous separation of husband and wife is available ground for divorce, regardless of cruel and inhuman treatment or other fault of either party causing separation.

2. Divorce—Wife Contracting to Accept $500 from Husband's Estate, if She Survives Him, Held Not Entitled Thereto on Theory of Constructive Death by Absolute Divorce.—Antenuptial contract that, if wife survived husband, she would accept from his estate as his widow $500 cash, in lieu of all distributive interest, held not to entitle her to such sum on theory of husband's constructive death by absolute divorce granted him.

3. Divorce—Wife, Admitting Friendliness with Husband and Unwillingness to Accept Support Money After Separation, Held Not Entitled to Alimony.—Wife admitting, in her testimony in husband's divorce suit that they were friendly at time of, and continuously after, separation, to which they agreed, and stating that she would not have accepted anything from him for support at any time since separation, because she had enough property of her own, held not entitled to alimony.

R. L. BLACK and C. C. BAGBY for appellant.

E. H. GAITHER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, J. W. Best, filed this equity action in the Mercer circuit court against appellant and ·defendant below, Zuna Best, and in his petition he alleged that he and defendant were married in Kentucky and after living together as husband and wife for about ten months he and she separated and had remained separated and apart without cohabitation for a period of more than five years next before the filing of the action, and he prayed for an absolute divorce. The answer nowhere denied the five years' continuous separation relied on in the petition, but in its first paragraph defendant sought to deprive plaintiff of the benefit of that ground because, as alleged therein, he was guilty of cruel and inhuman treatment toward defendant for a period of as much as or more than six months next before the separation. But, if that were true, it would not defeat the particular statutory ground, since it is available regardless of the fault of the parties or either of them causing the separation. Brown v. Brown, 172 Ky. 754. In a second paragraph the answer averred an antenuptial contract made and entered into between the parties in which, among other things, it was agreed that if defendant should survive plaintiff, she as his widow would accept from his estate the sum of $500.00 in cash in lieu of all distributive interest she might have in his estate, either real or personal, as his surviving widow, and, adopting the language of the pleader:

> "Defendant alleges that an absolute divorce, in so far as it affects the property rights of the defendant, has the same effect as if the plaintiff should die and leave this defendant his widow, and that, in the event said plaintiff is granted a divorce absolutely, the sum of $500.00 as per contract is due, and should be paid out of the estate of plaintiff as if he were dead. Defendant alleges that an absolute divorce would by operation of law *per se* be tantamount to the death of plaintiff and entitled defendant to recover the sum of $500.00 as per contract."

The answer was also designated in the caption as a counterclaim, and the prayer was that, if plaintiff should succeed in obtaining a divorce upon the ground of the alleged five years' separation, she should be adjudged the $500.00 named in the antenuptial contract upon

the theory, as we gather, that such a judgment would in effect kill the husband or constructively render him dead. But if the court should conclude that that theory was untrue, then she prayed in the original answer for $2,500.00 alimony, which, by an amendment later filed, was increased to $5,000.00. The demurrer filed by plaintiff to the answer was sustained by the court, and upon proof heard judgment was rendered in favor of the plaintiff granting him an absolute divorce, but adjudging him to pay the costs of the action, and dismissed the claim of defendant for alimony, and complaining of that judgment she prosecutes this appeal.

It is difficult for us to follow the argument of counsel in his effort to elucidate his ''constructive death'' theory, unless it is upon the ground, as stated by counsel for plaintiff, ''That the excessive grief caused to the appellee by the loss of his wife would result in his death, and that he may, therefore, be considered dead by the court.'' But that theory is dissipated by the fact that he is still alive and quite an active participant in this lawsuit. She is not his widow, nor is she a survivor any more than he is. The true construction of the antenuptial contract and the rights of the defendant thereunder are, that two events must happen before she would be entitled to receive the $500.00 therein stipulated for: One, that plaintiff should die while the parties were yet married, and, two, that defendant should survive him as his widow, but neither of which happened. Without further discussion we unhesitatingly conclude that defendant's effort in her answer to recover the $500.00 mentioned in the antenuptial contract is wholly unavailable and utterly foreign to the present facts and conditions, and the court did not err in rejecting it.

Waiving the question of limitations which was pleaded by plaintiff (the separation having occurred in 1908 and the cruel and inhuman treatment, if any, was prior thereto) the testimony in the case developed no such cruel and inhuman treatment as authorized a divorce upon that ground. The few incidents upon which it is sought to be founded are so frivolous and trifling as not to require mentioning, much less discussing; and if a determination of that issue had been necessary for a disposition of the cause there could be no other conclusion than that the proof wholly failed to establish it. On the contrary, it was indisputably shown that the parties were friendly at the time of the separation (mutually

agreeing thereto) and remained so continuously thereafter and which facts defendant admitted in her testimony. She, furthermore, stated that at no time since the separation would she have accepted "one copper" from her husband in the way of contribution to her support, she having enough property of her own for that purpose. That being true defendant was not entitled to alimony in any amount, even if we should concede that her cause of action therefor was yet alive and not barred by limitations, but upon which point we express no opinion.

Wherefore, the judgment is affirmed.