(113 So. 852)

No. 27400.

## NORTH v. NORTH.

July 11, 1927.

*(Syllabus by Editorial Staff.)*

1. **Divorce** ⬤⟝36—Seven years' separation, entitling husband to divorce, held not interrupted by his suit for separation on ground of cruel treatment (Act No. 269 of 1916).

Where wife's alleged cruel treatment of husband occurred on his requested visits while they were living apart, his suit for separation on such ground did not interrupt running of seven-year period of separation, required to entitle him to absolute divorce, under Act No. 269 of 1916, nor was cruelty charged in such suit inconsistent with their living separate and apart at time.

2. **Divorce** ⬤⟝36—Husband separated from wife for seven years, while either continues to reside in state, is entitled to divorce, irrespective of cause of separation (Act No. 269 of 1916).

Under Act No. 269 of 1916, husband living separate and apart from wife in different domicile for seven years, while either continues to reside in state, is entitled to divorce, irrespective of what caused separation or whose fault it was.

3. **Divorce** ⬤⟝231—Future alimony is not allowable, where husband obtains divorce on ground of seven years' separation (Act No. 269 of 1916).

Future alimony is allowed only as incident to suit or demand by wife for separation or divorce, and not where husband obtains divorce on ground of seven years' separation, under Act No. 269 of 1916.

4. **Husband and wife** ⬤⟝299(4)—Demand for past-due alimony held not allowable in husband's suit for divorce on ground of seven years' separation (Act No. 269 of 1916).

Wife's demand for past-due alimony, made before juvenile court independently of husband's prior suit for separation, cannot be allowed in his suit for divorce on ground of seven years' separation, under Act No. 269 of 1916; such demand not being prejudiced by judgment granting husband divorce.

Appeal from Civil District Court, Parish of Orleans; William H. Byrnes, Jr., Judge.

Suit by John North against Annie Garret North. Judgment for plaintiff, and defendant appeals. Affirmed.

Sidney F. Gautier, of New Orleans, for appellant.

Woodville & Woodville, of New Orleans, for appellee.

THOMPSON, J. This is a suit by the husband for an absolute divorce on the ground that he and his wife have been living separate and apart for a period of seven years.

The suit is brought under Act 269 of 1916.

The defendant in her answer admits that she and her husband have been living apart, but denies that such separation has covered a period of seven years.

She prays for the dismissal of the plaintiff's suit, but should the court grant the divorce in favor of the plaintiff then she prays for past-due alimony in the sum of $350, and for future alimony at the rate of $10 per week. There was judgment in plaintiff's favor, and the defendant appeals.

It is unnecessary to refer to the evidence in detail. It suffices to say that the evidence shows that the parties separated on September 17, 1917, and had not lived together or occupied the same house up to the time this suit was filed on September 30, 1924. And they were still living separate and apart and at different domiciles in this city when this case was tried in the court below.

The defendant admits the separation on the date stated, and she admits that they have not lived together or occupied the same house during the period of separation in the sense of living openly together as husband and wife.

She claims that her husband, during this period of separation, secretly visited her at night, spending a few hours with her, and on which occasions he would have sexual intercourse with her. Her testimony, however, stands alone and is uncorroborated by any

testimony or by any fact or circumstance. The husband admits going to her house on several occasions on her request for money, but he positively denies that he has lived with her or performed any marital relations whatever since the separation in 1917.

The trial judge did not believe the testimony of the wife, otherwise he would have rejected the demand of the husband for a divorce.

Shortly after the separation, the wife invoked the aid of the juvenile court to compel the plaintiff to pay her alimony, and these payments continued for several years and up to a few months before the institution of this suit. On several occasions when the husband defaulted in the alimony payments, the defendant would cause him to be arrested.

All of which, with the admitted living separate and apart in different domiciles openly and publicly for a period of seven years, is, to say the least, inconsistent with the claimed secret visits and cohabitation.

[1] It appears that some two years after the separation the plaintiff sued his wife for separation on the ground of cruel treatment, the said cruel treatment being alleged to have occurred in April, 1918, and October, 1919. A judgment was rendered against the defendant by default, but on appeal the judgment was set aside and the case remanded. North v. Garret, 155 La. 526, 99 So. 427.

No further action was had in that case, but it is contended by the defendant's counsel that the allegations of cruel treatment and demand for separation on that ground are inconsistent with the demand for divorce based on a separation and living apart for seven years. In other words, it is claimed there could be no cruel treatment if the parties were not living together.

As we have already stated, the fact of separation and living apart is fully established, and the acts of the defendant, which it was claimed amounted to cruel treatment, were committed towards the plaintiff, not while living with the defendant, but on his visits to see her at her urgent request. In these circumstances, we are not of the opinion that the suit for separation interrupted the running of the seven-year period nor were the acts of cruelty charged in that suit inconsistent with the fact that the parties were living separate and apart at the time of such alleged cruel treatment.

[2] The act under which this suit is brought introduced a new and independent cause for divorce in this state, and that act does not take into consideration the question of what cause produced the separation or on whose fault the separation was brought about. The only requirement of the statute as a condition precedent to granting the divorce is that the parties have actually and in fact lived separate and apart and in different domiciles for a period of seven years complete, during which period one of the parties at least has continued to reside in this state.

[3] As to the demand for future alimony, it is sufficient to say that such alimony is only allowed as an incident to a suit or demand by the wife for separation or for divorce and is not allowable where the husband obtains a divorce, under the act of 1916.

[4] The demand for past-due alimony has no place in this suit, and the defendant's right to such alimony, if she has any, will not be prejudiced by this judgment. Her demand for alimony was made before the juvenile court and, as we understand, was allowed by that court. The demand of course was independent of the prior suit for separation.

For the reasons assigned, the judgment appealed from is affirmed.