WILLIAM F. DEVER *vs.* JOSEPHINE DEVER.

JUNE 13, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

STEARNS, C. J. This is a petition for divorce, filed January 19, 1929, on the ground that the parties have lived separate and apart from each other for a period of more than ten years. After a hearing by a justice of the Superior Court the petition was denied. The cause is in this court on the bill of exceptions of the petitioner.

There is no dispute on the facts. Petitioner and respondent were married in Woonsocket in 1914. He was twenty-two and she was twenty years of age. Two children born of the marriage are now aged thirteen and eleven years. In 1918, the husband and the wife separated by mutual consent. The children remained with the mother and petitioner has since paid regularly for their support. After their separation the parties seldom saw each other. Neither one made any effort to effect a reconciliation nor had they any wish to live together again. In September, 1926, the parties executed a separation agreement. The preamble of the agreement is as follows: "Whereas, unhappy differences have arisen between said husband and wife and they have lived separate and apart from each other since 1917 and have mutually agreed to continue said separation under the terms and conditions hereinafter set forth:" Then follows an agreement that the parties may at all times hereafter live apart as if they were unmarried and that the wife shall have sole control and guardianship of the two children for whose support the husband agrees to pay twenty dollars each week. It is further provided that the agreement should continue during the minority of the children unless terminated by mutual consent.

From the testimony it appears that the petitioner is a sober, industrious man, of good habits and of good reputation. The respondent likewise has a good reputation and neither party claims that the other has been guilty of any serious wrong conduct since their separation. For the last five years petitioner has boarded with a respectable family in Woonsocket. In that family there is a daughter who has been married and is now divorced. She has one child, a

daughter, who is also living with the family. This woman works regularly, is self-supporting and is of good character. Petitioner and she have been friends for a long time. After a persistent cross-examination by respondent's counsel petitioner stated that if he were free to marry he would like to marry this woman if she would consent; that his reason for asking for a divorce, however, was not on this account but because he wanted to have his liberty; that, as a married man, he was subject to annoyance by gossip whenever he went anywhere in company with any woman.

The trial justice found that the parties had lived separate and apart for more than ten years and that there was no impropriety in the relations between the petitioner and the woman above-mentioned. In denying the petition the justice stated that he looked at cases of this kind from the viewpoint of public policy; that, if it were a case where this man was living with a woman, openly causing scandal, and a marriage was contemplated between him and the woman with whom he was living, the justice believed public policy would in such circumstances require that he should grant this petition, but such was not the situation in this case; that petitioner, when questioned as to whether or not he wished to establish a home, was in doubt and said that he did not know, and that consequently there was no real reason, either for the protection of society or of the parties, which appeared to him sufficient to dissolve the marriage tie and accordingly he denied the petition.

The single exception now urged is to the decision of the court denying the petition for divorce.

General Laws, 1923, Chapter 291, Section 3 is as follows:. "Whenever in the trial of any petition for divorce from the bond of marriage, it shall be alleged in the petition that the parties have lived separate and apart from each other for the space of at least ten years, the court may in its discretion enter a decree divorcing the parties from the bond of marriage, and may make provision for alimony." The discretion of the court in this statute means a judicial

discretion. The exercise of such discretion is subject to review by this court if there has been a clear abuse thereof or if any construction of the statute has been made by the Superior Court. *Camire* v. *Camire*, 43 R. I. 489. In *Guillot* v. *Guillot*, 42 R. I. 230, the petition for divorce was based on Section 3. It was decided in that case that the granting of a divorce under this ten year clause did not depend upon the good or bad conduct of the petitioner; that evidence of petitioner's bad conduct, if admitted, was not to control the action of the court but was to be used merely as an aid to the court in the exercise of its discretion.

In the case at bar the parties are both in early middle age. Provision for the children during their minority has been made by mutual agreement. There is no prospect of a reconciliation or the re-establishment of the family life. Any injury to the State from the dissolution of the family can not now be cured by insisting on a continuance of a semblance of marriage when the substance has long since disappeared. We think the conception of public policy as expressed by the trial justice was erronous and unsound. If it were to prevail, the result would be to penalize one who though separated from his wife was still faithful to his marriage vow and perhaps to encourage illicit sexual relations. We find no valid reason for the denial of this petition for divorce and the refusal to grant the petition was error.

The petitioner's exception to the decision denying the petition is sustained. The respondent, on July 1, 1929, at 9 o'clock a. m., Eastern Standard time, may appear and show cause, if any she has, why the case should not be remitted to the Superior Court for the entry of a decision granting the prayer of the petition, on the ground that the parties have lived separate and apart for a period of more than ten years.

*John R. Higgins,* for petitioner.
*Daniel E. Geary,* for respondent.