# HERRICK *v.* HERRICK

No. 2993

Oct. 2, 1933.                              25 P. (2d) 378.

*Cantwell & Springmeyer,* for Appellant:

*Thatcher & Woodburn,* for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is an action for divorce. It will be convenient to refer to the parties as husband and wife.

The husband, as plaintiff, charged "that plaintiff and defendant have lived apart for five consecutive years without cohabitation." In this connection it was also alleged in the complaint that they ceased living together as husband and wife on the 28th day of June 1923. A demurrer to the complaint having been overruled, the wife answered. The answer admitted the separation alleged in the complaint and set out matter to show that it was due to the husband's fault. Desertion of the wife by the husband, commencing on said 28th day of June 1923, and cruelty are also alleged in the answer. In addition the answer set out three actions between the parties in the courts of California. The first of these was an action instituted by the wife against the husband for separate maintenance on the ground of extreme cruelty. This action was commenced in the superior court of San Mateo County. The husband filed an answer denying the allegations of cruelty and praying for a divorce on the ground of extreme cruelty. The action was transferred to San Francisco County for trial, which resulted in findings and judgment against the contentions of both parties. The trial court, however, ordered the husband to pay the wife $200 per month commencing on the 29th day of March 1928, until further order of the court, for her maintenance and support in accordance with section 136 of the civil code of the State of California. Thereafter the husband filed an action for divorce in said San Mateo County charging extreme cruelty. In the wife's answer she denied the charges of cruelty and, among other defenses, set up the previous action as res adjudicata

thereof. On August 17, 1929, the court dismissed the husband's complaint and ordered that he take nothing thereby, upon the ground that the matters alleged therein had been adjudicated and determined in the previous action.

In January 1930 the husband filed another action for divorce in said San Mateo County on the ground of extreme cruelty. In the wife's amended answer and cross complaint she denied the cruelty charged, set up the former action as res adjudicata thereof, and asked a decree granting her permanent maintenance and support. The case went to trial, which resulted in the following orders:

"It is ordered that a divorce be and the same is hereby denied the parties herein, and judgment is hereby granted in favor of the defendant on the complaint herein. It is ordered that the cross-complaint be and the same is hereby dismissed without prejudice.

"It is further ordered that the sum of $98.50 be allowed the defendant for costs and the sum of $350 is hereby allowed as fees for defendant's attorneys."

On the trial of the instant action it was stipulated that there was no statute in California reading like the statute of Nevada under which the divorce was granted. It was further stipulated that during the pendency of the actions in California the only grounds for divorce in that state were as follows: "Adultery, extreme cruelty, wilful neglect, wilful desertion, habitual intemperance and the conviction of a felony." Civ. Code Cal., sec. 92. The husband was a witness in his own behalf. The wife did not become a witness and offered no evidence except the exhibits attached to the answer. She relied solely upon the effect of the California decrees pleaded in her answer.

1. A decree was rendered and entered by the lower court granting the husband a divorce. A motion for a new trial was denied and the wife appealed from the decree and order. She contends that the California decrees have adjudged that the husband has been guilty of marital misconduct which constitutes a bar to his

obtaining a divorce based upon the ground of living apart without cohabitation. The statute providing such ground of divorce reads:

"Section 1. Divorce from the bonds of matrimony may be obtained, in addition to the causes now provided by law, and subject to the same procedure and requirements, for the following cause:

"When the husband and wife have lived apart for five consecutive years without cohabitation the court may at its discretion grant an absolute decree of divorce at the suit of either party." Stats. 1931, p. 180, c. 111, sec. 1.

The statute is very plain. It does not in terms require that a party should be without fault and we do not think that such limitation may be inferred from it.

2. It is argued that there could have been no purpose in vesting the court with discretion to grant a divorce unless it was intended that such discretion should be exercised in denying a decree to the party whose fault had caused the separation. We see no force in this reasoning, for it is tantamount to saying that the court is without discretion at all but must grant a divorce to an injured party when prayed for in a given case on this particular ground, and deny a decree to a party with fault. Such a construction would render the words, "at its discretion" meaningless, and would be a violation of the rule that every part of a statute must be given effect if possible. The discretion given the court is a legal discretion, the exercise of which must be considered and determined in the light of all of the facts of a particular case.

It is also argued by counsel for the wife that an intention to give the remedy only to an injured party is deducible from that part of the statute which provides that the divorce may be obtained in addition to the causes now provided by law and subject to the same procedure and requirements. This contention is based upon the ground that as to other divorce actions it was formerly held that where each of the spouses had been guilty of misconduct which is cause for divorce, neither

was entitled to the remedy. Blankenship v. Blankenship, 51 Nev. 356, 276 P. 9, 63 A. L. R. 1127. This rule has since been modified by statute so as to give the court discretion to grant a divorce to a party least at fault when both have been guilty of wrong or wrongs which may constitute grounds for a divorce. Stats. 1931, p. 179, c. 110.

We do not think that the words "subject to the same procedure and requirements" have reference to any such rule. Obviously no such meaning can be attributed to the word "procedure," and we are satisfied that the word "requirements" has no reference to the cause of action or any defense that may be made to it. It means such requirements as may be made concerning the custody of the children, the disposition of property rights, alimony and the like. The idea of a divorce on the ground stated is an idea of recent origin. The legislative concept embodied in the statute is that when the conduct of parties in living apart over a long lapse of time without cohabitation has made it probable that they cannot live together in happiness, the best interest of the parties and of the state will be promoted by a divorce. The policy and purpose of such statutes are succinctly stated by the compiler of the note in 51 A. L. R. at page 763, as follows:

"The public policy of these separation statutes is based upon the proposition that where a husband and wife have lived apart for a long period of time without any intention ever to resume conjugal relations, the best interests of society and the parties themselves will be promoted by a dissolution of the marital bond. This is a comparatively new idea in the law of domestic relations and divorce."

There is no dissent among the courts of states having a statute similar to ours, from the proposition that either spouse may maintain an action for a divorce irrespective of whose fault caused the separation. Cook v. Cook, 164 N. C. 272, 80 S. E. 178, 49 L. R. A. (N. S.), 1034; Guillot v. Guillot, 42 R. I. 230, 106 A. 801, 802; Dever v. Dever, 50 R. I. 179, 146 A. 478; Goudeau v.

Goudeau, 146 La. 742, 84 So. 39; North v. North, 164 La. 293, 113 So. 852, 853; Brown v. Brown, 172 Ky. 754, 189 S. W. 921; Best v. Best, 218 Ky. 648, 291 S. W. 1032.

The statute of Rhode Island (Gen. Laws 1923, c. 291, sec. 3) is very similar to ours, except as to time. It reads:

"Whenever in the trial of any petition for divorce from the bond of marriage, it shall be alleged in the petition that the parties have lived separate and apart from each other for the space of at least ten years, the court may in its discretion enter a decree divorcing the parties from the bond of marriage and may make provision for alimony."

In the case of Guillot v. Guillot, supra, the wife sought to show that the husband had been guilty of one or more of the statutory offenses for which divorces are decreed, and thus bar him from obtaining his decree. The trial court held that the defense of recrimination was available under Rhode Island statute. The supreme court reversed the ruling and in its decision said:

"In other words, the granting of a divorce under this statute does not depend upon the previous conduct of the petitioning party. It is easy to conceive that the trial court under the circumstances of some particular case, might find it for the best interests of both parties and of society that a divorce should be decreed irrespective of the earlier behavior of the petitioner."

The statute of Louisiana is as follows:

"When married persons have been living separate and apart for a period of seven years or more, either party to the marriage contract may sue in the courts of the state of his or her residence, provided such residence shall have been continuous for the period of seven years, for an absolute divorce which shall be granted on proof of the continuous living separate and apart of the spouses during said period of seven years or more." Act No. 269 of 1916, sec. 1.

The supreme court of that state in North v. North, supra, construing the statute said:

"The act under which this suit is brought introduced a new and independent cause for divorce in this state, and that act does not take into consideration the question of what cause produced the separation or on whose fault the separation was brought about. The only requirement of the statute as a condition precedent to granting the divorce is that the parties have actually and in fact lived separate and apart and in different domiciles for a period of seven years complete, during which period one of the parties at least has continued to reside in this state."

The Kentucky statute provides as a cause for divorce:

"Living apart without any cohabitation for five consecutive years next before the application." Ky. Stats., sec. 2117, subd. 20.

In the case of Best v. Best, supra, the wife set up in her answer that the separation for which the husband brought his suit for divorce was caused by his cruel and inhuman treatment. The court of appeals of Kentucky in that case, in answer to that contention, said:

"But, if that were true, it would not defeat the particular statutory ground, since it is available regardless of the fault of the parties or either of them causing the separation."

The authorities presented by the wife on this point do not support her contention. The statutes of the particular states in which they were decided either provide that the suit can be maintained only by the injured party, or are otherwise so unlike our statute as to render them of no value as an authority in this case.

We are satisfied that the fault of one or both of the parties which may have caused the separation is merely a circumstance for the trial court to consider in the exercise of its discretion. It is unnecessary for us to determine if in any of the California decrees the husband is adjudged to have been to blame in causing the separation, and therefore estopped to maintain the suit for divorce as contended by appellant. This contention is disposed of by our ruling that it is not an essential element of the statute that a party be without fault to

maintain an action for divorce on the ground of separation for five years without cohabitation.

3. Appellant's contention that the decree of divorce in this case impairs the obligation of contract evidenced by the California decree of separate maintenance, is devoid of merit. The dissolution of the marriage relation extinguishes the subject matter which forms the basis of an action or proceeding for separate maintenance: Bushnell v. Cooper, 289 Ill. 260, 124 N. E. 521, 6 A. L. R. 1517; 30 C. J. 1075.

It is also contended that the court erred in admitting certain testimony over the wife's objection, but we find no error in this respect.

But one point remains. Did the court abuse its discretion in awarding the husband a decree of divorce? We are satisfied that it did not. She did not become a witness or offer any testimony in her own behalf. It would serve no useful purpose to detail the evidence on the part of the husband. It is sufficient to support the decree.

The decree and order denying a new trial are affirmed.