For the reasons assigned, the judgment appealed from is affirmed.

BRUNOT, J., takes no part.

ODOM, J., dissents in part.

156 So. 466

**BLAKELY v. MAGNON.**

No. 32583.

July 2, 1934.

Rehearing Denied Aug. 3, 1934.

A. Wilmot Dalferes, of Lafayette, for appellant.

Mouton & Davidson, of Lafayette, for appellee.

LAND, Justice.

Plaintiff and defendant were married in the year 1907. During the month of April, 1928, plaintiff separated from his wife and lived apart from her continuously thereafter, but voluntarily contributed to her support each month up to and through the month of January, 1933.

On April 7, 1933, plaintiff filed the present suit for divorce under Act No. 31 of 1932, on the ground of continuous separation from his wife for the period of four years.

In her answer, defendant avers that she is entitled to a judgment of divorce against her husband, on the ground of continuous separation from him for more than four years, without fault on her part, and that she is also entitled to alimony from him in the sum of $55 per month, or one-third of his income, under article 160 of the Civil Code, as amended by Act No. 21 of 1928.

In the alternative, defendant avers that in the event the court should find that defendant's husband, plaintiff, is entitled to a divorce, then defendant is entitled to be paid alimony by him in the same amount per month, and defendant accordingly prays for judgment in reconvention for a divorce and for alimony, whether judgment for divorce is obtained by her, or by her husband.

Judgment was rendered in favor of plaintiff against defendant for an absolute divorce, and defendant's reconventional demand for a divorce from plaintiff was rejected.

Judgment was also rendered in favor of defendant against plaintiff on her reconventional demand for alimony, in the sum of $52.66 per month, beginning on the 17th day of April, 1933.

From this judgment plaintiff has appealed, but defendant has neither appealed, nor answered the appeal.

The only question, therefore, before us is whether defendant is entitled to alimony in this particular case.

Act No. 269 of 1916 provides: "That when married persons have been living separate and apart for a period of seven years or more, either party to the marriage contract

may sue, in the courts of the State of his or her residence, provided such residence shall have been continuous for the period of seven years, for an absolute divorce which shall be granted on proof of the continuous living separate and apart of the spouses, during said period of seven years or more."

In the case of North v. North, 164 La. 293, 113 So. 852, we had occasion to pass upon Act No. 269 of 1916. In that case, which was a suit for divorce based on a separation for a period of seven years, the wife claimed past-due alimony and future alimony. We held in the North Case, as stated in the syllabus, that:

"Under Act No. 269 of 1916, husband living separate and apart from wife in different domicile for seven years, while either continues to reside in state, is entitled to divorce, irrespective of what caused separation *or whose fault it was.*

*"Future alimony* is allowed only as incident to suit or demand by wife for separation or divorce, *and not where husband obtains divorce on ground of seven years' separation, under Act No. 269 of 1916."*

The North Case was decided by this court in the year 1927, and in the following year the Legislature passed Act No. 21 of 1928, amending article 160 of the Civil Code so as to read as follows:

"Section 1. Be it enacted by the Legislature of Louisiana, That Article 160 of the Civil Code of Louisiana ·be and it is hereby amended and re-enacted so as to read as follows:

" 'Article 160. If the wife who has obtained the divorce has not sufficient means for

her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, *that in cases where the husband has obtained judgment of divorce on the grounds that the married persons have been living separate and apart for a period of seven years or more, and the wife has not been at fault, then the Court may allow the wife* in its discretion, out of the property and earnings of her husband, *alimony which shall not exceed one-third of his income.*

" 'This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage.'

"Section 2. That all laws or parts of laws inconsistent herewith be and the same are hereby repealed."

■ It is clear that Act No. 21 of 1928 completely reversed the decision of this court in the North Case, in which it was distinctly held that the wife was not entitled to claim future alimony, where the husband has obtained a judgment of divorce against her on the ground of separation for a period of seven years.

Be that as it may. Nevertheless, the ultimate fact remains that the judicial construction placed by this court upon Act No. 269 of 1916 was read into the act, and became as much a part of it as if the act had been amended to that effect by the Legislature of this state. So that when the Legislature in 1928 amended article 160 of the Civil Code, it necessarily dealt with Act No. 269 of 1916, as if it had originally contained the provision that a wife could not obtain future ali-

mony against a husband who had obtained a divorce from her, on the ground of a continuous separation for a period of seven years.

In providing in Act No. 21 of 1928, amending article 160 of the Civil Code, that the court may allow the wife alimony which shall not exceed one-third of the husband's income, where he has obtained judgment of divorce on the ground that the married persons have been living separate and apart for a period of seven years, the Legislature repealed Act No. 269 of 1916 in part, so as to eliminate from it the judicial construction to the contrary placed upon this act by this court.

It follows therefore that at the time the Legislature, in the year 1932, by Act No. 31 of that year, amended Act No. 269 of 1916 by decreasing the period of separation to four years, the only provision that remained in the act to be amended was that which gave to either the husband or the wife the right to sue for a divorce on the ground of separation for seven years, which was reduced to four years by the amendment.

But Act No. 31 of 1932 did not stop at this point, but expressly repealed in section two (2) Act No. 269 of 1916, thereby curtailing the period of separation to four years under Act No. 31 of 1932, and leaving the period of separation at seven years in Act No. 21 of 1928, amending article 160 of the Civil Code, which allows alimony to the wife only when the husband obtains a divorce against her after a period of separation for seven years.

In addition to this, in its repealing clause (section 2) Act No. 31 of 1932 repeals "all laws or parts of laws contrary to, inconsistent with or in conflict with this law," and

necessarily makes inoperative the clause in Act No. 21 of 1928 amending article 160 of the Civil Code, which gives to the wife the right to claim alimony against the husband who has obtained a judgment of divorce against her, on the ground of *separation for seven years*.

It cannot be seriously argued that a four-year period and a seven-year period of separation, as a basis for divorce, can exist, at one and the same time, upon the statute books of this state; and particularly is this true since the latest act on the subject, Act No. 31 of 1932, has reduced that period to four years.

Act No. 31 of 1932 does not pretend *to amend* Act No. 21 of 1928, amending article 160 of the Civil Code, so as to reduce the seven-year period of separation to four years.

■ The ground of divorce alleged in this case by both parties is a separation of four years, under Act No. 31 of 1932. The judgment of divorce in favor of plaintiff, based upon this ground, has become final, as defendant has not appealed from same. How, then, is it legally possible for defendant, in this case, to wait three years longer until the seven-year period has accrued under Act No. 21 of 1928, amending article 160 of the Civil Code, and at that time sue for alimony? Manifestly, the final judgment in favor of plaintiff cannot be thus amended and changed.

Had the Legislature in 1928 amended Act No. 269 of 1916, by providing that the wife could recover alimony against the husband who had obtained a judgment against her under the act, and had the Legislature in 1932

again amended the amending act by reducing the period to four years, the right of alimony to the wife would have been fully preserved; but this has not been accomplished in the present legislative attempt to annul the judicial construction placed by this court upon Act No. 269 of 1916, in the case of North v. North, 164 La. 293, 113 So. 852.

It is therefore ordered that the judgment appealed from be annulled and reversed. It is now ordered that defendant's reconventional demand for alimony be rejected and that defendant pay all costs.

O'NIELL, C. J., concurs in the decree.

O'NIELL, Chief Justice (concurring).

I agree that there is no law now allowing a divorced wife alimony when the judgment of divorce is rendered against her—even where the judgment is based upon the fact that the parties have lived separate and apart for the period necessary to allow either spouse a divorce (now four years) and where the wife is not at fault. It was so decided in North v. North, 164 La. 293, 113 So. 852, in 1927, when the period of separation necessary to entitle either party to a divorce was seven years, according to Act No. 269 of 1916. The statute, of course, had nothing to do with the question of alimony. That was provided for in article 160 of the Civil Code, which allowed the divorced wife alimony when the judgment of divorce was rendered on her complaint and in her favor, but not when the judgment was rendered on the husband's complaint and in his favor. In North v. North, the wife, against whom the judgment of divorce was rendered on the ground of seven

years' separation, claimed alimony because the separation was not caused by any fault or wrong on her part. But this court held that article 160 of the Civil Code, the provisions of which, of course, antedated Act No. 269 of 1916, made no exception in favor of a wife against whom a judgment of divorce was rendered because of seven years' separation, through no fault on her part. The Legislature, at its next session, adopted Act No. 21 of 1928, amending and re-enacting article 160 of the Civil Code, so as to allow the wife alimony where judgment was rendered against her "on the grounds that the married persons have been living separate and apart for a period of seven years or more, and the wife has not been at fault." If the Legislature, in amending and re-enacting article 160 of the Civil Code, had merely referred to the period of separation as the period necessary to entitle either party to a divorce, instead of mentioning the "period of seven years or more," this amendment of article 160 of the Code would have remained in effect when Act No. 31 of 1932 was enacted, repealing Act No. 269 of 1916, and allowing either spouse a divorce after a separation of four years. But the language of the act of 1928 was such as to allow alimony to a wife against whom a judgment of divorce was rendered *only when the judgment was granted under the provisions of Act No. 269 of 1916*. Since that act has been repealed, there is no law allowing alimony to a wife against whom a judgment of divorce has been rendered. The language of the amendment of article 160 of the Civil Code, by the act of 1928, does not fit in with —and in fact it cannot be reconciled with— the provisions of Act No. 31 of 1932. We have no authority to re-amend article 160 of the

Civil Code so as to make the amendment of 1928—which was applicable only to the provisions of Act No. 269 of 1916—applicable now to the provisions of Act No. 31 of 1932.