JOSEPH NARDOLILLO *vs.* GUILIA NARDOLILLO.

JUNE 7, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ANDREWS, J. This is a petition for an absolute divorce filed by a husband on the ground that the parties had lived separate and apart for more than ten years. Jurisdiction was based on the wife's residence in this state. The respondent filed a motion in the nature of a cross petition seeking a divorce only from bed and board on the ground alleged by the petitioner and upon the further statutory ground of his neglect to provide for her.

After a hearing in the superior court the trial justice found that the parties had lived separate and apart for more than ten years, but he nevertheless denied the husband's petition and granted the wife a divorce from bed and board on the ground of neglect to provide. The case is before this court on the husband's bill of exceptions to those two rulings, all other exceptions being waived.

The evidence shows that after having been married some twenty-seven years and raising a family of six children, the husband walked out on the wife, as he put it "a free man." Thereafter he never communicated with her or any of the children. Nor did he send her or them any allowance for their support, and the wife did not learn of his address until the day of the hearing. She testified that a woman, whom the husband admitted he knew, left the state at the same time he did, but the husband denied they went together. Somewhat significantly, he communicated with this woman's son, who lives in this state, for assistance in getting his divorce. The wife testified that she wanted her husband back and hoped he would return, but did not know whether he would do so. It also appeared that the children wanted their parents reunited, but the husband stated that there was no possibility of a reconciliation. It is clear from the evidence that he has been gainfully employed in New Jersey for the last several years.

We shall first consider the denial of the husband's petition. It is based on general laws 1938, chapter 416, §3, which reads as follows: "Whenever in the trial of any petition for divorce from the bond of marriage, it shall be alleged in the petition that the parties have lived separate and apart from each other for the space of at least 10 years, the court may in its discretion enter a decree divorcing the parties from the bond of marriage, and may make provision for alimony."

The discretion of the court referred to is a judicial discretion and is subject to review and correction if it has been clearly abused. *Dever* v. *Dever,* 50 R. I. 179, 181. In that case the trial court denied the divorce but said that "if it were a case where this man was living with a woman, openly causing scandal, and a marriage was contemplated" he believed public policy would require that he grant the petition. On review it was held that the trial court's conception of public policy was erroneous and unsound. In a later case this court held that while the bad conduct of the petitioner was not a complete bar, as is the case on other grounds for divorce, it could be taken into consideration by the trial justice as an aid in the exercise of his discretion. *Guillot* v. *Guillot,* 42 R. I. 230.

In the instant case the trial justice characterized the husband's absence as willful desertion. He also indicated his belief that petitioner was secretly living with the woman, who according to the wife's testimony had left town at the same time he did. It is true that the husband denied this, but his demeanor and conduct, together with the other evidence, furnish sufficient support for the conclusion of the trial justice.

In his decision he expressed the opinion that it was entirely probable that the parties would become reconciled. However, he did not rest his decision denying the petition upon this ground alone but upon the past and continuing bad conduct of petitioner. His decision concludes: "For

the *reasons* above stated the petition for divorce absolute is denied and dismissed * * *." (italics ours)

To hold that the petitioner should have a divorce is tantamount to saying that a husband can deliberately desert his wife and hide away with another woman for ten years and then by virtue of such absence and conduct come back and almost demand a divorce as of right. We are of the opinion that such is not the public policy of the state as expressed in §3 of the statute hereinbefore quoted. The trial justice had a right to take into consideration the husband's bad conduct as an element in exercising his discretion under the statute and he did not abuse such discretion when he denied the petition.

There remains to consider the granting of the wife's petition for a limited divorce. The ground relied on is expressed in §2 of said chap. 416 as follows: "* * * for neglect and refusal, for the period of at least one year next before the filing of the petition, on the part of the husband to provide necessaries for the subsistence of his wife, the husband being of sufficient ability * * * ."

The petitioner contends that the court could not grant the wife's cross petition on the ground of neglect to provide because it was not shown: "1. That the husband, during the year immediately prior to the filing of the cross-petition, was of sufficient ability to support the respondent. 2. That the petitioner was actually gainfully employed during that year and was able to support the respondent. 3. That the respondent requested support and petitioner refused to supply same."

We find no merit in these claims. The trial justice had an opportunity to observe the husband. Moreover, in view of the latter's testimony of his gainful employment we cannot say that the trial justice was clearly wrong in finding that petitioner was able to support his wife during the year immediately prior to the filing of her cross petition. Certainly she made out a prima facie case of his ability to do

so and he did not refute it. There is not much difference between the first and second contentions and what we have said in disposing of the first is sufficient to dispose of the second.

The last claim was argued quite strongly. It is difficult to understand how the wife could be expected to expressly ask the husband to support her when because of his concealment she did not know where he was until the day of the hearing. The law does not require people to do the impossible. As for evidence of the husband's refusal to furnish any support, his actions speak louder than words. During the entire ten or eleven years he was away before the cross petition was filed he never sent his wife any money for her support, although he apparently knew where she was all the time. These facts warrant the conclusion of the trial justice that the statutory requirements of neglect and refusal to provide had been proved.

The petitioner's exceptions to the denial of his petition and to the granting of the respondent's cross petition on the ground of neglect to provide are overruled, and the case is remitted to the superior court for further proceedings.

*Isidore Kirshenbaum,* for petitioner.

*William G. Grande, Corinne P. Grande,* for respondent.