## JEFFERS *v.* JEFFERS

No. 3030

February 13, 1934.                    29 P. (2d) 351.

See, also (Nev.) 25 P.(2d) 556, 55 Nev. 69.

*Ryland G. Taylor*, for Appellant:

*C. D. Breeze*, for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is an action for divorce instituted by the husband. In his complaint it was charged as grounds of divorce as follows: "That plaintiff and defendant have lived separate and apart without cohabitation for a period of longer than five years next preceding the commencement of this action." The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant answered. In her amended answer she admitted the separation alleged, and set up five affirmative defenses, namely, desertion, adultery, bigamy, failure to provide, and extreme cruelty. Plaintiff demurred to each of these alleged defenses on the ground that it did not state facts sufficient to constitute a defense to plaintiff's cause of action. The court sustained the demurrers. Plaintiff was granted a divorce. Defendant has appealed. We will continue to refer to the parties as they were designated in the lower court.

1. Defendant contends that the trial court erred in overruling her demurrer to the complaint and in sustaining plaintiff's demurrers to the defenses alleged in the answer.

In Herrick v. Herrick, 55 Nev. 59, 25 P. (2d) 378, we

held that under the statute (Stats. 1931, c. 111, sec. 1) providing a cause for divorce when the husband and wife had lived apart for five consecutive years without cohabitation, the plaintiff's marital misconduct alleged as causing the separation was not a bar to a decree in his favor. Consequently, defendant's demurrer to the complaint in this case, the point of which is that the complaint is deficient because it fails to negative the fault of the plaintiff in causing the separation, was properly overruled. We also held that fault of that kind, while not a bar to a divorce, was a circumstance for the trial court to consider in the exercise of its discretion.

2. On this account defendant contends that it was error for the trial court to sustain plaintiff's demurrers to her affirmative defenses, for thereby she was precluded from offering evidence of the same.

The contention is sound, although we did not go that far in the Herrick case. While the matters set out in the answer herein as affirmative defenses are not alleged to have caused the separation stated in the complaint, as in the former case, they are of a recriminatory character. We think that a matter of that kind, though not causing the separation, might be reasonably expected to influence the discretion conferred on the court by the statute. This being so, a defendant would be entitled to prove it, if pleaded as a defense.

As we pointed out in Herrick v. Herrick, supra, the Rhode Island statute has the same discretionary feature as our statute. The supreme court of that state held, in Guillot v. Guillot, 42 R. I. 230, 106 A. 801, that testimony of a recriminatory character should not be binding upon or control the action of the court, but that it might be considered by the way of aiding the court in the exercise of the discretion conferred by the statute.

Although a defendant is entitled to prove marital misconduct of this character, he should, as a condition precedent, in fairness to a plaintiff, be compelled to

allege it. A plaintiff is entitled to notice of such a charge which, if proven, may defeat his action, and to have an opportunity to meet it. It may or may not amount to an affirmative defense, yet it is of that character and becomes a complete defense, if sufficient, to persuade the court to exercise its discretion against the party seeking a divorce.

Plaintiff insists that the demurrers to the affirmative defenses were properly sustained because they did not allege a sufficient ground for divorce. Under the circumstances of this case, we need not decide whether they were so sufficient. It is enough to say that they stated matter of a recriminatory nature which, if proven, might influence the discretion of the court. Moreover, the trial court sustained the demurrers, as appears from the record, on the ground that the defendant had no defense to the action, save and except the issue as to whether or not the separation had been continuous for a period of five years or more.

In this regard it is but fair to the trial court to say that our decision in Herrick v. Herrick, supra, was announced after the decision by the former court in the instant case.

The judgment and order denying a new trial are reversed, and the lower court is directed to proceed in accordance with the views expressed in this opinion.