## GEORGE *v.* GEORGE

No. 3082

March 4, 1935.                    41 P. (2d) 1059.

*Platt & Sinai* and *Sidney W. Robinson,* for Appellant:

*Morgan & Lougaris* and *Geo. A. Bartlett,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

Respondent instituted suit against appellant to obtain a decree dissolving the bonds of matrimony. Appellant has appealed from an adverse judgment and from the order denying her motion for a new trial.

 The cause of action alleged in the complaint is that

plaintiff and defendant, for a period of more than five consecutive years next prior to the filing of the complaint, had lived apart continuously without cohabitation. Such living apart is, in the discretion of the court, a ground for divorce. Stats. 1931, c. 111, p. 180; Herrick v. Herrick, 55 Nev. 59, 25 P. (2d) 378, 379.

Appellant urges two grounds for a reversal, which are stated in appellant's opening brief as follows: "The first of which is that respondent, upon the trial of said cause, did not introduce sufficient or any testimony upon the basis of which the trial court could exercise the judicial discretion with which it is vested by the 1931 divorce statute. The second proposition is that in view of the testimony introduced upon the trial, the judgment of the lower court granting to respondent a decree of divorce amounts to an abuse of the judicial discretion with which said trial court is vested."

If we correctly interpret the briefs and oral argument of counsel for appellant, it is their theory that the trial court, in the exercise of the discretion imposed upon it, must first satisfy itself that all evidence which might be produced as to the marital conduct of the spouses must be presented for its consideration, and from it alone determine, in its discretion, which of the parties was the greatest offender. Counsel may say this is an exaggerated conception of their position, but we think it is justified by the following language in the brief: "In the case at bar, since there is no testimony whatsoever which would present to the court all of the facts and circumstances giving rise to the five years separation period between appellant and respondent, there is such a complete failure of proof upon the part of respondent as will prevent the court from exercising its judicial discretion in favor of respondent."

Counsel seem to base their contention upon the following statement in the Herrick opinion, above cited: "The discretion given the court is a legal discretion the exercise of which must be considered and determined in the light of all of the facts of a particular case."

Of course, the court, in using the expression "all of

the facts of a particular case," meant all of the facts shown in evidence, and not facts not testified to and which may or may not exist. This is obviously correct, from the statement in the case itself, for the court observed in its opinion in that case that the wife offered no testimony in her own behalf.

■ It is clear that a trial court in the exercise of its discretion can consider nothing but the facts presented in evidence in the case on trial. In the instant case there is evidence, in the form of evidence taken and other proceedings had between these parties in a separate maintenance suit instituted by appellant against respondent in Ohio, from which it appears that the respondent herein was adjudged to have been guilty of extreme cruelty toward appellant, and that she was without fault.

There was certainly sufficient evidence before the lower court to enable it to exercise the judicial discretion necessary to determine the question involved. The real question for us to determine is whether or not it abused its discretion in granting a divorce to the respondent. To arrive at a correct conclusion in this connection involves the determination of a question not only of great importance to the parties but to society, and we approach its consideration with a due regard to the importance of our conclusion. We think, however, that our task is greatly lessened because of the statements made by us in Herrick v. Herrick, supra. In that case we said: "The legislative concept embodied in the statute is that when the conduct of parties in living apart over a long lapse of time without cohabitation has made it probable that they cannot live together in happiness, the best interest of the parties and of the state will be promoted by a divorce."

We think we could safely determine the point solely upon the statement just quoted, and the authorities cited in the opinion mentioned. However, since the rendition of that opinion the supreme court of Rhode Island, in applying a statute similar to ours, in Smith v. Smith, 172 A. 323, 324, said: "It is evident that the

conjugal life and the family life of the parties are permanently disrupted. There is no inclination for and no prospect of a reconciliation. Nothing is left of the marriage relation but the legal tie. Respondent contends that, regardless of these facts, petitioner should be punished for his misconduct by a refusal of the trial justice to dissolve the marriage. If it appeared that there was any advantage to the family or to the state in continuing the marital status, the divorce might well be denied. But no such advantage is apparent. On the contrary, it is plain that to compel the parties to continue in their present status would be prejudicial to the parties and to their children. Such being the situation, we are of the opinion that there was no abuse of judicial discretion by the trial justice in granting the petitioner's prayer for divorce."

In the Herrick case, supra, we observed: "The statute is very plain. It does not in terms require that a party should be without fault, and we do not think that such limitation may be inferred from it." In that opinion we quoted approvingly from Guillot v. Guillot, 42 R. I. 230, 106 A. 801, as follows: "In other words, the granting of a divorce under this statute does not depend upon the previous conduct of the petitioning party. It is easy to conceive that the trial court under the circumstances of some particular case, might find it for the best interests of both parties and of society that a divorce should be decreed irrespective of the earlier behavior of the petitioner."

From these quotations it is clear that the discretion which the trial court is called upon to exercise depends not so much upon the comparative rectitude of conduct of the spouses as upon the probability of their being able to live together in such a manner as to be for their best interest and the best interest of society. In the instant case there was ample evidence to sustain the conclusion reached by the trial court; hence the judgment and order should be affirmed.

It is so ordered.