CORA L. LAGEMANN, Appellant, *v.* HAROLD B. LAGEMANN, Respondent.

No. 3526

August 26, 1948.                    196 P.2d 1018.

*Bryan & Cory,* of Las Vegas, for Appellant.

*Ryland G. Taylor,* of Las Vegas, for Respondent.

## OPINION

By the Court, BROWN, District Judge:

This case involves an appeal from a judgment entered on the 19th day of November 1947, in favor of the plaintiff and against the defendant, in the Eighth judicial district court of the State of Nevada, in and for the county of Clark, in an action wherein Harold B. Lagemann was plaintiff, and Cora L. Lagemann was defendant, and from an order entered in said court and cause on the 28th day of November 1947, denying a motion of the defendant for a new trial. Under the judgment plaintiff was granted an absolute decree of divorce from the defendant upon the ground that the parties to the

action had lived separate and apart without cohabitation for a period of more than three years prior to June 6, 1947, under section 9467.06, N.C.L.Supplement, 1931–1941, being chapter 23, Statutes of Nevada, 1939, page 16, and said plaintiff was awarded the care, custody, and control of the two minor children, Betty Lou Lagemann and Lila Lee Lagemann, and was required to pay to the defendant the sum of $45 per month for her support and maintenance until the further order of the court. Jurisdiction was reserved by the district court for the purpose of making such other orders relative to the care, custody, and control and maintenance of the minor children, and relative to the support and maintenance of the defendant, as to the court may from time to time seem just and proper.

The original complaint filed on June 6, 1947, by the plaintiff alleged three years' separation without cohabitation. Thereafter, an answer was filed by the defendant which admitted that the parties to the action had lived separate and apart for more than three consecutive years prior to the commencement of the action, but alleged that the separation had been without the fault of the defendant; that the separation was without the volition of the defendant, because the plaintiff refused to receive her as his wife; and that such separation was occasioned by the order of the county court of Madison County, Illinois, wherein the defendant was adjudged insane and committed to the Alton State Hospital for the Insane on June 10, 1937, and by the plaintiff's refusal to receive her upon her release from said hospital. Eight further separate defenses were alleged in the answer, all of which were demurred to by the plaintiff, which demurrer was sustained as to all except the third defense, which said defense alleged that the defendant was adjudged insane by the County Court of Madison County, Illinois, on June 10, 1937, and ordered confined in the Alton State Hospital for the Insane; that thereafter, and in 1940, she had improved and was released to

the custody of relatives in Madison County, Illinois, and that since June 10, 1937, the defendant was and now is incompetent under the adjudication of the County Court of Madison County, Illinois, made and entered on June 10, 1937.

A reply was filed to the answer wherein the plaintiff denied that the separation was occasioned by the order of the County Court of Madison County, Illinois, adjudging the defendant to be insane, and alleged that after the release of the defendant from the said Alton State Hospital for the Insane, the plaintiff had every opportunity to resume marital relations with the defendant, but could not do so with safety to himself and minor children, and that the defendant on several occasions had threatened to destroy and take the lives of the plaintiff and the minor children.

Thereafter, a supplemental complaint was filed by the plaintiff wherein insanity was alleged as an additional ground for divorce, under the provisions of section 9460, subdivision "eight," N.C.L.1929, as amended. To the supplemental complaint the defendant filed an answer, in which the defendant again alleged the order entered on June 10, 1937, in the County Court of Madison County, Illinois, adjudging the defendant to be insane, and ordering her confined in the Alton State Hospital for the Insane, as set out in paragraph II of the defendant's third separate defense in her original answer. Also, seven additional further and separate defenses were alleged in the answer to the supplemental complaint. All of these were demurred to by the plaintiff, which demurrer was sustained as to all defenses except the first defense. Thereafter, the defendant filed her supplemental answer in which all of the allegations contained in the original answer, and the answer to the supplemental complaint, were realleged as paragraph I and in addition paragraph II set forth the following allegation:-

"States that she is not insane: and that she was not for a period of more than two years immediately preceding the commencement of this action insane, within the meaning of the statutes of the State of Nevada in such cases made and provided; and that she was not insane at the time of the filing of the supplemental complaint herein."

A motion to strike was filed by the plaintiff to the supplemental answer, which motion was granted as to paragraph I, but denied as to paragraph II.

The issues under the pleadings were settled as follows:

Original complaint of plaintiff; the original answer of defendant comprising paragraphs I to V of the first defense and the third defense comprising paragraphs I and II; the supplemental complaint of the plaintiff; answer to the supplemental complaint, comprising paragraphs I and II of the first defense; reply to the answer; and paragraph II of the supplemental answer.

At the time of the trial no testimony was adduced in support of the supplemental complaint alleging insanity. The case was tried entirely upon issues made by the complaint alleging three years' separation without cohabitation, and the answer of the defendant, including paragraphs I to V of the first defense and paragraphs I and II of the third defense, the reply to the answer and paragraph II of the defendant's supplemental answer.

At the very outset it should be noted that at the time of the trial the defendant introduced no evidence whatsoever except the authenticated copy of a judgment made and entered in the County Court of Madison County, Illinois, on the 30th day of October, A.D. 1947, wherein it was ordered "that the said Cora L. Lagemann be, and she hereby is restored to all civil rights." The record is absolutely devoid of any evidence to the effect that the defendant was mentally incapable of returning

to and living with the plaintiff as husband and wife after her release from the Alton State Hospital for the Insane, either during the year 1940 or 1941.

The allegation in the answer of the defendant states that she was released in 1940. The testimony of the plaintiff at the time of the trial was to the effect that the defendant was released from the Alton State Hospital for the Insane during the year 1941, and that subsequent thereto she lived with her three sisters in or around Alton, Illinois, as near as a block and a half and no farther than two and a half to three miles from the home of the plaintiff; that the defendant came to the home of the plaintiff on numerous occasions subsequent to 1941 to collect alimony, and that the defendant never at any time even suggested a resumption of marital relations after her release; and that the defendant was rational and normal during all of those years.

■ Although the defendant alleged incompetency under the third defense of her original answer, she expressly denied incompetency under paragraph II of her supplemental answer, and at the trial established her competency. She therefore waived any and all defenses contained in her original answer regarding the question of mental incapacity. Further, the evidence introduced by the plaintiff at the time of the trial clearly proves that the defendant is now and has been mentally competent since 1940 or 1941, when she was released from the hospital in Illinois.

The testimony of the plaintiff was that the plaintiff and defendant separated on June 10, 1937, and have continued to live separate and apart without cohabitation ever since said time. This fact is admitted by the defendant.

The parties will be referred to herein as they were in the lower court.

The Specifications of Error made by the defendant, as the appellant, are as follows:

"SPECIFICATION OF ERRORS

"1. The trial court erred in adopting the findings supported by insufficient evidence to justify the same;

"2. The trial court erred in its conclusions that plaintiff was entitled to a decree because of insufficient evidence to justify such finding, because there were no legal findings that plaintiff and defendant lived separate and apart, without cohabitation, for three years immediately preceding the commencement of this action, without fault on the part of the defendant;

"3. The trial Court's judgment and decree granting plaintiff a divorce is not supported by, but is contrary to the evidence in that it denies the decree of a sister state authorizing the separation;

"4. The Court erred in finding it had jurisdiction to and deciding plaintiff was entitled to a decree of divorce in the absence of legal findings in favor of plaintiff and against defendant upon the issues of fact raised by the pleadings as to plaintiff's residence, defendant's nonresidence and the cause for divorce set forth in his complaint."

As to Specification of Error 1, we are satisfied that the evidence in the record on appeal fully supports all of the allegations of the plaintiff's complaint.

2. With reference to Specification of Error 2, we feel that it has no merit. This court has heretofore passed upon the very question in the cases of Herrick v. Herrick, 55 Nev. 59, 25 P.2d 378; George v. George, 56 Nev. 12, 41 P.2d 1059, 97 A.L.R. 983; Jeffers v. Jeffers, 55 Nev. 201, 29 P.2d 351; and Lamb v. Lamb, 57 Nev. 421, 65 P.2d 872.

In the George case, the court held [56 Nev. 12, 41 P.2d 1060]:

"It is clear that the discretion which the trial Court is called upon to exercise depends not so much upon the comparative rectitude of conduct of the spouses as upon the probability of their being able to live together in

such a manner as to be for their best interests and the best interests of society."

■  Specification of Error 3 involves a decree of separate maintenance made and entered on the 29th day of December 1944, in the State of Illinois, requiring the plaintiff to pay to the defendant the sum of $75 per month for her support, which decree was later modified on October 11, 1945, and January 22, 1947. This decree of separate maintenance was set forth as a separate defense in the answer, answer to the supplemental complaint, and supplemental answer of the defendant, which allegation was demurred to by the palintiff, and the demurrer was sustained by the district court. That a decree of separate maintenance is not a bar to an action for divorce upon the ground of three-year separation without cohabitation has been definitely settled. George v. George, 56 Nev. 12, 41 P.2d 1059, 97 A.L.R. 983; Schuster v. Schuster, 42 Ariz. 190, 23 P.2d 559.

■  Specification of Error 4 is likewise not supported by the record. The lower court made the following Findings of Fact:

"1. That plaintiff is now and for more than six weeks prior to the commencement of this action, to-wit: since the 13th day of November, 1946, has been an actual bona fide resident and domiciliary of the County of Clark, State of Nevada, actually and physically residing and being domiciled therein during all of said period of time.

"2. That plaintiff and defendant intermarried at the City of Alton, State of Illinois, on or about the 15th day of February, 1930, and they ever since have been and still are husband and wife.

"3. That there are two minor children the issue of said marriage, to-wit: Betty Lou Lagemann, aged about fifteen (15) years, and Lila Lee Lagemann, aged about eleven (11) years: that said minor children are now in the custody of the plaintiff, and that it is for the best interests of said minor children that their care, custody and control be awarded to plaintiff.

"4. That there are no property rights of the parties hereto within the State of Nevada to be adjudicated.

"5. That the plaintiff and defendant have lived separate and apart for more than three (3) successive years last past to-wit: since the 10th day of June, 1937, and immediately preceding the commencement of this action, without cohabitation.

"6. The Court finds upon the allegations and admissions in the pleadings that the defendant was committed to Alton State Hospital at Alton, Illinois, on the 10th day of June, 1937; that thereafter and on the 10th day of June, 1941, the said defendant was paroled from the said Alton State Hospital; that said defendant was never re-committed to said Alton State Hospital and is now and has been for more than three (3) years last past and immediately preceding the filing of the Complaint herein sane and competent; that the said separation and omission to cohabit since June 10, 1941, was not the result of the insanity or incompetency of the defendant; that it is improbable and unlikely that the plaintiff and defendant will be able to live together in such a manner as to be for their best interests and the best interests of society.

"7. That the defendant required for her support and maintenance a sum which the Court finds to be the sum of Forty-five Dollars ($45.00) per month; that the plaintiff has the financial ability to pay the said sum and ought to pay it.

"8. That the plaintiff has had the care, custody and control of the two said minor children since the 10th day of June, 1937, and that said plaintiff is a fit and proper person to have the care, custody and control of the said minor children subject to the right of reasonable visitation by the defendant."

Further, although the record discloses that an order for publication of summons was entered in this action under which the defendant was personally served with summons in the State of Illinois, she appeared personally

in the action by her attorneys, in Las Vegas, and was represented by counsel at all times during the trial. Therefore, the nonresidence of the defendant is entirely immaterial as she participated fully in the trial of the action.

■ Among the further and separate defenses alleged by the defendant in her answer, answer to the supplemental complaint, and supplemental answer, which were demurred to by the plaintiff, and also attacked by a motion to strike, which demurrers were sustained and motion to strike granted, were the following constitutional questions:

The defendant contends that section 9467.06, N.C.L. Supplement 1931–1941, being chapter 23, Statutes of Nevada, 1939, page 16, which reads as follows:

"Section 1. Divorce from the bonds of matrimony may be obtained, in addition to the causes now provided by law and subject to the same procedure and requirements, for the following cause:

"When the husband and wife have lived separate and apart for three consecutive years without cohabitation the Court may, in its discretion, grant an absolute decree of divorce at the suit of either party," is unconstitutional for the following reasons:

First: That it is repugnant to the requirements of article 1, section 10, of the constitution of the United States, in that it is a law impairing the obligation of a contract. In support of this contention the appellant cites the following cases decided by the Supreme Court of the United States, to-wit: Dartmouth College Case, Trustees of Dartmouth College v. Woodward, 4 Wheat. 518, 629, 4 L.Ed. 629; Hunt v. Hunt, 131 U.S.Append. clxv, 24 L.Ed. 1109.

Upon a careful analysis of these two cases cited by the defendant, it is apparent that they hold directly opposite to her contention. In the Hunt case the following statement is made:

"In the Dartmouth College Case, 4 Wheat. 629 [4 L.Ed.

629], it was expressly said by Chief Justice Marshall, in delivering the opinion of the court, that the provision of the Constitution prohibiting States from passing laws impairing the obligation of contracts 'Had never been understood to embrace other contracts than those which respect property or some object of value, and confer rights which may be asserted in a court of justice. It never has been understood to restrict the general right of the Legislature to legislate upon the subject of divorces. Those Acts enable some tribunal, not to impair a marriage contract, but to liberate one of the parties because it has been broken by the other.' This disposes of the first ground upon which our jurisdiction is invoked in this case. The law complained of simply provides for divorces in certain cases, after hearing by a court of competent jurisdiction." Hunt v. Hunt, 131 U.S.Append. clxv, 24 L.Ed. 1109, 1110.

In the case of Tipping v. Tipping, 65 App. D.C. 222, 82 F.2d 828, 830, the court said:

"It has been held by the highest authority that marriage is an institution of society, creating a status which may be regulated and controlled by public law; that legislation affecting the institution or annulling the relation between the parties is not within the prohibition of the Constitution of the United States against the impairment of contracts, or against ex post facto laws. Maynard v. Hill, 125 U.S. 190, 8 S.Ct. 723, 31 L.Ed. 654."

We feel that it is well settled by the highest authorities that the Nevada statute under consideration is not unconstitutional upon the ground hereinabove set forth.

■ Second: That it is repugnant to the requirements of article IV, section 1 of the constitution of the United States in that full faith and credit is not given to the judicial proceedings had in the State of Illinois, wherein the defendant was awarded a decree of separate maintenance. In support of this contention the defendant cites the case of Harding v. Harding, 198 U.S. 317, 25 S.Ct. 679, 49 L.Ed. 1066.

The issues involved in this action under the three year separation without cohabitation statute are entirely different from those which were involved in the proceeding in the State of Illinois. All matters which were or might have been litigated in Illinois were not the basis of the litigation in Nevada. The cases of Estin v. Estin, 68 S.Ct. 1213, 92 L.Ed. 1561, and Kreiger v. Kreiger, 68 S.Ct. 1221, 92 L.Ed. 1572, are decisive upon the point that the full faith and credit clause of the constitution of the United States is not violated by the Nevada Statute.

■ Third: That it is offensive to the due process of law clause of section 1 of the XIV amendment to the constitution of the United States, in that the defendant has been deprived of certain rights arising out of the marriage relation without due process of law. In support of this contention, the defendant cites the following cases: Dorrance v. Dorrance, 242 Mo. 625, 148 S.W. 94; Hubbard v. Hubbard, 77 Vt. 73, 58 A. 969, 67 L.R.A. 969, 107 Am.St.Rep. 749, 2 Ann.Cas. 315.

This action was not tried as a result of a default after constructive service of summons upon the defendant, but instead by the personal appearance of the defendant in the action and represented by counsel at the time of the trial. The defendant had her day in court and had every opportunity to present any defense which she legally had the right to do, and participated in all the proceedings. The supreme court of the United States in two recent decisions held as follows:

"It is quite another thing to hold that the vital rights and interests involved in divorce litigation may be held in suspense pending the scrutiny by courts of sister States of findings of jurisdictional fact *made by a competent court in proceedings conducted in a manner consistent with the highest requirements of due process and in which the defendant has participated.*" (Italics ours.) Sherrer v. Sherrer (Coe v. Coe), 68 S.Ct. 1087, 1093, 1097, 92 L.Ed. 1429.

We have carefully reviewed all of the points raised by the defendant and find that the contentions made by the defendant in reference to the constitutionality of the Nevada statute providing a ground for divorce after three years separation without cohabitation, are without merit.

Also, the judgment and decree made and entered by the district court is fully supported by the record of the trial.

The judgment and decree, together with the order denying the motion for a new trial are hereby affirmed.

HORSEY and BADT, JJ., concur.

EATHER, C. J., being absent on account of illness, the Governor designated Honorable MERWYN H. BROWN, District Judge of the Sixth Judicial District Court, to sit in his place.

ON PETITION FOR REHEARING

September 23, 1948.

*Per Curiam:*

Rehearing denied.