MILDRED K. FAUSONE, APPELLANT, v.
PETER J. FAUSONE, RESPONDENT.

No. 4138

April 21, 1959                                    338 P.2d 68

*Joseph O. McDaniel,* of Elko, for Appellant.

*Williams and Mann,* of Elko, for Respondent.

## OPINION

By the Court, BADT, J.:

This is the wife's appeal from a judgment awarding the husband a divorce and refusing to award any alimony to her.

The husband's complaint for divorce alleged three years' separation as his first ground, and extreme cruelty under a second cause of action. The appellant wife answered denying both counts of the complaint and counterclaimed for separate maintenance on the

ground of extreme cruelty of the plaintiff and for a decree of divorce on the ground of his desertion, and asked for alimony of $150 a month.

As to the grounds of the divorce decree the court found only: "That during said marriage, and for more than three consecutive years last past, the plaintiff and defendant have lived separate and apart without cohabitation." From this finding it concluded that plaintiff was entitled to a divorce on the ground stated. It made no findings on the husband's allegations of cruelty or on the wife's allegations of cruelty and desertion. At the conclusion of the trial and the submission of the case the court stated from the bench: "We may have the record further show that the decree be entered for the plaintiff and against the defendant on the ground of three years' separation. All other grounds denied, relief requested by the defendant is denied."

In denying alimony the court said: "There is no reason in the world why a man should support a woman, unless she has something obligating her such as with the care and support of children, why he should have to support her any more than I should support him because he needs it. If he has imposed obligations on her as a result of her marriage, she has suffered an illness, or become disabled during her life with him, then she is entitled to alimony. I can see no other reason. A woman is not entitled to alimony just because she has been his wife."

Appellant assigns error in two respects: first, that the evidence clearly shows that she was entitled to a divorce on the ground of her husband's extreme cruelty to her, and that in any event she was the least at fault, and, secondly, that the court abused its discretion in refusing to grant the wife any alimony.

(1) The legislature of this state in 1931 added to the grounds for divorce separation of the parties without cohabitation for a period of five years. In 1939 this was amended by reducing the period of separation to three years. Our present statute is NRS 125.010, reading as follows: "Divorce from the bonds of matrimony may

be obtained for any of the following causes: * * * 9. When the husband and wife have lived separate and apart for 3 consecutive years without cohabitation the court may, in its discretion, grant an absolute decree of divorce at the suit of either party." Subparagraph 3 of this section permits divorce for willful desertion for a period of one year, and subparagraph 6 permits divorce for extreme cruelty.

The theory of "comparative rectitude" was adopted in 1931 (and amended in 1957, by adding the condition expressed in the last clause) in the following words now appearing as NRS 125.120, "In any action for divorce when it shall appear to the court that both husband and wife have been guilty of a wrong or wrongs which may constitute grounds for a divorce, the court shall not for this reason deny a divorce, but in its discretion may grant a divorce to the party least in fault, if both parties seek a divorce, otherwise to the party seeking the divorce."

Appellant contends that it was error for the court to fail to apply the doctrine of comparative rectitude as expressed in NRS 125.120 in awarding the plaintiff husband a divorce on the ground of three years' separation. She has submitted no authorities in point that sustain this contention. The decisions of this state all indicate the contrary. In Kohlsaat v. Kohlsaat, 62 Nev. 485, 155 P.2d 474, 475, the husband was granted a decree on the ground of three years' separation. The wife alleged plaintiff's desertion, extreme cruelty and adultery, and asserted that he was most at fault, and evidence was given at the trial in support of the wife's assertions. Such evidence was received by the court for the purpose of permitting it to take the same into consideration in the exercise of its discretion "pursuant to the sanction given such procedure by this court in the cases of Herrick v. Herrick, 55 Nev. 59, 25 P.2d 378, and Jeffers v. Jeffers, 55 Nev. 201, 29 P.2d 351." This court there said: "In other words, the position of appellant, as it appears to us, is that in an action based upon three years separation, if the defendant in that action establishes to the satisfaction of the court that the

plaintiff had been guilty of desertion, extreme cruelty or adultery, and had been most at fault, then the trial court is bound to exercise its discretion in favor of the defendant. Such is not the law, and appellant concedes that the case of George v. George, 56 Nev. 12, 41 P.2d 1059, 97 A.L.R. 983, lays down a contrary rule. She urges, however, that the rule announced in that case is too harsh and should not be allowed to stand. Such an argument does not impress us. The holding in the case of George v. George, supra, is sound, and to hold otherwise would confine the operation of the three-year cause of action to those who are least at fault. If comparative rectitude were to be the determining factor, then the enactment of the three-year separation statute would have been an idle gesture. Cases based on the three-year separation statute often come before a trial court, where the conduct of the plaintiff has been such as not to commend itself to the court, but the court may determine that the interests of society outweigh the convenience or desire of a contesting spouse, and thus be impelled to separate the parties."

Appellant complains of the court's failure to make findings with reference to the other issues raised by both parties. The same complaint was made in the Kohlsaat case, but the suggestion that this was error was there rejected by this court, which held that since the main consideration for the granting of the decree was the finding that the three years' separation had occurred and that in all probability the spouses could not live together in such a manner as to be for their best interests and the best interest of society, proposed findings on other issues were based on subordinate facts, and the failure to make findings thereon was not a cause for reversal.

The present situation makes even a stronger case than Kohlsaat. There this court ruled that it was proper to grant the decree for three years' separation even if the defendant *"establishes to the satisfaction of the court* that the plaintiff had been guilty of desertion, extreme cruelty, or adultery."* The trial court in this case expressed dissatisfaction with the wife's testimony,

the feeling that she had not been frank with the court, and the court's conclusion that the wife's own actions had driven the husband from his home to seek other companionship. The evidence did not compel a finding of either cruelty or desertion on the part of the plaintiff husband, nor did it, on the other hand, compel a finding of cruelty on the part of the wife.

Our conclusion upon the first assignment is that there was no error in the court's exercise of its discretion in granting respondent a decree of divorce on the ground of three years' separation of the parties and in refusing to make findings on the other issues. This is not to say that in no conceivable case could a court exercise its discretion by denying a divorce upon this ground.

(2) We feel that the court was in error in its refusal to award alimony to appellant. The parties were married in Michigan in 1939 and continued to reside there. In 1953 and 1954 marital difficulties arose. While these apparently grew out of the husband's attention to another woman, the trial court was of the opinion that this situation was in turn caused by the wife's attitude toward the husband. The parties separated in January of 1954 and for a period of approximately a year the husband voluntarily sent the wife sums for her support of $50 to $75 every two weeks. In January 1955 the husband sued for divorce in Michigan and the Michigan court awarded temporary alimony to the wife in the sum of $135 a month. This amount the husband paid for about two years. In September of 1957 the Michigan court denied the husband's prayer for divorce and in November of that year the husband moved to Elko and on January 15, 1958 filed his complaint there for a divorce. The wife's motion for allowances was denied, possibly for the reason that the husband delivered to the wife's attorney a deed conveying to appellant the premises that had been occupied by the parties as their home in Michigan valued at some $5,000. That home is a rebuilt log structure now requiring repairs to the roof, and repairs to the water system (damaged by

freezing of the pipes), which repairs will cost some $375. At time of trial the wife was 56 years of age, the husband 48 years. The wife is in general poor health and suffers from severe degenerative arthritis of the left ankle and arthritis of the left wrist. She has no provision or prospects for employment and has only an eighth grade education. She had not worked during marriage, is presently in debt, and has no sources of income other than charity of friends and relatives. She owns a 1955 Chevrolet car subject to monthly payments of $42.40, which a niece had been paying for her. The husband had been employed in Michigan as a radio sports announcer and advertising salesman in which he earned some $4,500 a year or more. At the trial it developed that he expected to return to similar work, although he was then earning $8 a day as a handy man or kitchen employee. Under such a situation the necessities of the wife for her support and the ability of the husband to contribute a reasonable sum definitely appear. While we agree with the court's conclusion that "a woman is not entitled to alimony just because she has been his wife," we cannot agree with the court's other conclusion that she is not entitled to support "unless she has something obligating her such as with the care and support of children" or "obligations imposed on her as a result of her marriage" such as "illness or becoming disabled during her life with him." At the time of the separation the parties had been married some 15 years, at the time of the trial some 19 years.

The community home above referred to is situate in the country seven miles from the nearest shopping center, with no transportation available other than by private car. Under these circumstances we cannot say that the ownership of a three-year-old Chevrolet for the transportation of a woman of the age of 56 years suffering from severe degenerative arthritis of the left ankle must be characterized as an extravagance, as stated by the trial court.

This court cannot in the first instance fix the amount properly to be allowed for her support.

The judgment of divorce in favor of respondent is affirmed. Those portions of the judgment and the orders following judgment which denied alimony to appellant are reversed, and the case is hereby remanded to the district court with instructions to amend the judgment by providing a reasonable amount for the wife's support. Appellant will recover her costs in this court.

MERRILL, C. J., and McNAMEE, J., concur.