VERA GRACE SUTHERLAND, Appellant, *v.* JAMES WALTER SUTHERLAND, Respondent.

No. 4151

June 3, 1959

340 P.2d 581

*Hawkins & Cannon,* of Las Vegas, for Appellant.

*G. William Coulthard,* of Las Vegas, for Respondent.

## OPINION

By the Court, GEORGETTA, District Judge:

This is an appeal taken by the wife from a decree of divorce rendered in favor of the husband on the ground of having lived separate and apart for three consecutive years without cohabitation. (NRS 125.010; sec. 9.)

The appellant and respondent will be designated and referred to herein as defendant and plaintiff, respectively.

*Facts:* The facts which are pertinent to this appeal are the following:

1. Plaintiff and defendant were married on March 18, 1944, in Hampshire, England. Thereafter they lived in Canada; later in Trenton, New Jersey, and then again in Canada.

2. From 1948 to 1950, the plaintiff was in the United States on a student permit.

3. On July 16, 1951, there was born as issue of this marriage a son, James Lawrence Sutherland, now approximately eight years old, who is in the physical care of the defendant wife.

4. On April 24, 1954, while plaintiff and defendant were again residing in Canada, the defendant wife desired to visit her relatives in England and take the child with her. The plaintiff husband consented and advanced to the wife the funds necessary for the trip. The separation at that time was apparently voluntary on the part of both plaintiff and defendant but without any intent on the part of either to permanently discontinue cohabitation or to terminate the marriage.

5. On November 10, 1954, the plaintiff husband sent the defendant wife, then in England, a letter in which he indicated a desire to terminate the marriage relationship. Subsequent correspondence indicated that on the day he wrote the letter of November 10, 1954, he had then decided he would no longer cohabit with the defendant wife. There was no cohabitation between plaintiff and defendant after the wife left for England on or about April 24, 1954, and from the evidence it appears that a reconciliation is not possible. The trial judge found this to be a fact.

6. In July, 1955, while in the United States under a visitor's permit, the plaintiff husband came to Las Vegas, Nevada, where he became employed. In January, 1956, he left Las Vegas and went to Niagara Falls for the purpose of obtaining, and did obtain, a visa which enabled him to remain in the United States permanently. He returned to Las Vegas, Nevada in April, 1957.

7. On May 20, 1957, the plaintiff husband filed an

action for divorce upon the ground of three years' sepa-. ration. (Eighth Judicial District Court, Department 1, Case No. 84646.) In that case, the trial court dismissed his complaint on the ground that the period of separation, which could constitute ground for divorce, began on November 10, 1954, and the full three years had not elapsed when that complaint was filed.

8. On December 4, 1957, the plaintiff husband filed the present action for divorce on the ground of three years' separation. The defendant wife contested the action. The trial court granted the plaintiff husband a divorce. The defendant wife then brought the case to this court on appeal.

## POINTS OF LAW TO BE DETERMINED

The issues of law raised on this appeal are the following:

I. *Domicile: Whether or not a valid legal domicile was established in the State of Nevada by the plaintiff husband prior to filing his complaint in this case on the fourth day of December, 1957.*

On the issue of domicile the defendant urges that the trial court committed error in sustaining the objection to the plaintiff's being required to answer whether, under a visitor's permit, he was allowed to work in the United States.

When the plaintiff first came to Las Vegas, in July, 1955, he was in the United States pursuant to a visitor's permit, which did not allow him to remain indefinitely.

When the plaintiff returned to Las Vegas in April, 1957, he was still a citizen of Canada, but was then in the United States pursuant to a visa which allowed him to remain in the United States, and the State of Nevada, indefinitely. Therefore, at this time, in April, 1957, his legal status provided no obstruction to an intent to make his home in Nevada for an indefinite period of time.

In the light of this fact, it became immaterial whether or not the plaintiff was legally permitted to work while

in the United States pursuant to a visitor's permit, prior to the time he obtained a visa which allowed him to remain in the United States indefinitely. Therefore, the trial court committed no error when it held the plaintiff was not required to answer as to whether, under his visitor's permit, he was allowed to work in the United States, or whether, at one time, he had been in the United States on a student's permit.

The trial court found that the plaintiff had the necessary residential intent. We find in this record, substantial evidence to support this finding. Therefore, we will not disturb the finding of the trial court upon this point. Miller v. Miller, 37 Nev. 257 (1914), 142 P. 218; Green v. Henderson et al., 66 Nev. 314 (1949), 208 P.2d 1058.

We conclude that the defendant's contention that the plaintiff failed to establish a bona fide domicile in Nevada is without merit.

II. *The Period of Separation: Whether or not the period of separation relied upon to constitute the three years required by the Nevada Statute (NRS 125.010, sec. 9), existed in this case.*

The evidence establishes, and the trial court found, that the parties separated physically on or about the 24th day of April, 1954, when the wife went to England, but the intent not to resume cohabitation was first asserted by the husband on the tenth day of November, 1954, when he wrote the wife a letter to that effect. The court below ruled that the period of separation which could constitute a ground for divorce under the Nevada Statute (NRS 125.010, sec. 9) began as of November 10, 1954, and continued uninterrupted until this action was filed by the husband on December 4, 1957, which was three years and twenty-four days later. This was proper. Caye v. Caye, 66 Nev. 83 (1949), 211 P.2d 252.

III. *Discretion of the Court: Whether or not under the Nevada Statute (NRS 125.010, sec. 9), in an action for divorce based on the three years' separation ground, the court has discretion to grant a divorce in*

*a case where a child is involved, in the absence of any showing that a divorce will be for the best interests of the child.*

Counsel for the defendant wife press this point strongly, and contend that in the absence of a showing that a divorce will be for the best interest of the child, the court has no legal discretion to grant a divorce, or if it has such discretion, it should not be so exercised. No reason is given and no authorities are cited. With this contention we do not agree.

In the record before us on this appeal, there is no indication that the learned trial judge did not consider the best interests of the child in the exercise of his discretion under the statute. The parties are separated. The lower court found, on substantial evidence, that there is no probability of a reconciliation. If there be some reason why the interests of the minor child would be advanced by having these parties, who are separated and unreconciled, continue in the married status, it has not been suggested by the defendant. Accordingly, we find no abuse of discretion by the lower court in regard to this issue.

IV. *Excluded Evidence of Adverse Conduct: Whether or not it was reversible error for the trial court to exclude evidence that the plaintiff had obtained a decree of separate maintenance in Canada by fraud and deceit.*

Counsel for the defendant wife have urged as assignment of error No. 4, the fact the trial court did not permit the defendant to show that the plaintiff husband had obtained in Canada a decree of separate maintenance without proper service of process upon the wife, and that he later consented to a dismissal.

An examination of the record discloses that in an effort to prove the above-mentioned fact, counsel for the defendant endeavored to place in evidence a copy of some record from a Canadian court which was not properly authenticated. Therefore, the trial court committed

no error in sustaining the objection of opposing counsel, even though the fact sought to be established may have been admissible if properly presented.

V. *The Plaintiff's Fault or Adverse Conduct: Whether or not the decision of the trial court should be reversed because of fault, or adverse conduct on behalf of the plaintiff.*

The defendant contends the decision should be reversed, because the evidence shows the plaintiff husband deserted the defendant wife.

We find no merit in this contention. It is now well established by our former decisions that in the State of Nevada a divorce may, in the discretion of the court, be granted on the ground of three years' separation to the party most at fault. Fausone v. Fausone, 75 Nev. 222 (April 21, 1959), 338 P.2d 68; and previous decisions of this court to the same effect.

VI. *Res Judicata: Whether or not the dismissal of the action of divorce filed by the plaintiff husband on May 25, 1957 (Case No. 84646), is a bar to the present action.*

Defendant wife contends that the dismissal of the first complaint is a complete bar to the second complaint, because both were based on the ground of three years' separation.

We find no merit in this contention. When the first complaint was filed, the full three years' period of separation had not yet elapsed. The dismissal of that complaint was no bar to a complaint filed after the full period required by the statute had elapsed.

This is not the same situation as where the ground of cruelty consists of specific acts or events that took place at specific times and places, as in the case of Barber v. Barber, 47 Nev. 377 (1924), 222 P. 284, 39 A.L.R. 706, relied upon by counsel.

Generally speaking, wherever a cause of action depends upon the passage of a period of time and

springs into existence at a given date, a premature attempt to assert it is no bar to successful prosecution of the cause of action after it has matured. By analogy, if a promissory note is payable one year after date, and the holder files suit upon it after the lapse of only nine months, would the due date then be put ahead one year from the time the premature complaint is dismissed? Would the holder of the note be required to wait another full year from that date before he could again file suit on the note? The answer is all too obvious, but this is exactly the situation in this case before the court.

The evidence and the finding of the trial court has established that the three years' separation period required to constitute a ground for divorce began on November 10, 1954, and would end on November 9, 1957. The fact that a complaint was filed prematurely in April, 1957, about seven months before the cause of action would accrue, and was properly dismissed, could not be a bar to filing another complaint after the cause of action had accrued.

Defendant contends the three years' period would have to begin all over again and run from the dismissal of the first complaint. The fallacy is too obvious to require further comment or the citation of any authorities.

The court being of the opinion that the decree of divorce was properly granted and finding no reversible error, the judgment and order denying a new trial are affirmed without costs.

MERRILL, C. J., and BADT, J., concur.

McNAMEE, J., having disqualified himself, the Governor designated Honorable Clel Georgetta, Judge of the Second Judicial District Court to sit in his place and stead.