VITA MARIE BAKER, APPELLANT, *v.*
CHARLES BAKER, RESPONDENT.

No. 4242

March 21, 1960                    350 P.2d 140

*Foley Bros.,* of Las Vegas, for Appellant.

*G. William Coulthard* and *John Peter Lee,* of Las Vegas, for Respondent.

## OPINION

By the Court, PIKE, J.:

The wife appeals from a judgment of divorce in favor of the husband. The husband, respondent herein, filed his complaint for divorce alleging as a cause for divorce that the parties had lived separate and apart, without cohabitation, for more than three consecutive years. The wife filed her answer and also, by counterclaim, sought a judgment of separate maintenance.

In its decree (filed May 28, 1959) the trial court,

besides granting to the husband an absolute divorce on the ground indicated, awarded to the wife custody of the three minor children of the marriage, ordered the husband to pay to the wife $350 per month for the support of the children, and ordered that the husband convey to the wife all of his interest in the jointly owned dwelling house formerly occupied by the parties.

Appellant asserts error on the part of the trial court in its application of the law of domicil to the evidence in the case. In part, appellant relies upon remarks of the court, expressing doubt concerning the husband's residence, made at the time of denying certain motions made on behalf of the wife at the conclusion of the husband's opening case. However, such observations made by the trial court, when read in connection with the other remarks of the court made at the same stage of the trial and more particularly with respect to the court's express findings relative to respondent's residence, do not indicate any deviation by the court from the well established principles of the law pertaining to domicil as applied to jurisdiction for the purposes of divorce. Specifically, the court referred to the decision of this court in Lamb v. Lamb, 57 Nev. 421, 65 P.2d 872, 875, as presenting a somewhat parallel situation to the instant case with respect to the residence of the husband, and denied plaintiff's motion to dismiss which was based upon the husband's contended lack of residence in Nevada. On residence, the decision in the Lamb case, supra, reads in part as follows: "(1) The law of Nevada relating to residence necessary to confer jurisdiction in divorce cases is well established. In this case it was necessary for plaintiff to satisfy the jury that his physical presence in this state for the whole statutory period (NCL § 9460) preceding and including the date of the commencement of his action was accompanied by the intent to make Nevada his home, and to remain there permanently, or at least for an indefinite time. . . ." After a review of the evidence in said case this court recognized that, although there was a substantial conflict in the evidence so as to create a doubt in the mind of the reviewing court as to the good faith of his Nevada

residence, it could not be said that the verdict and findings of the jury were clearly wrong, and the judgment appealed from was affirmed.

In the instant appeal the evidence is uncontradicted concerning the physical presence of Baker in this state for the required period of time before filing his complaint for divorce, but the bona fides of his residence is challenged. There is conflicting evidence on the issue of Baker's intention to establish his domicil in Nevada and a continuation of that intention throughout the period of time preceding the filing of his complaint for divorce. We are unable to conclude that the finding of the trial court sustaining such contended residence was clearly wrong. There was substantial evidence to support it, and it must stand.

Appellant next assigns as error the granting of a divorce to the husband and contends that the court abused its discretion in so doing. The evidence with reference to the parties' having lived separate and apart for more than three consecutive years, and since April 15, 1955, was uncontradicted. The wife testified that she was agreeable to a reconciliation, but the husband testified that no reconciliation was possible and that none had been possible during the period of living apart, so far as he was concerned. Appellant contends that the granting of a divorce, with the wife being willing to have a reconciliation, and with a lack of evidence of fault on her part, was an abuse of discretion by the trial court. However, prior decisions of this court relating to the exercise of the court's discretion in cases involving this cause for divorce, when applied to the evidence in this case, fail to support this position. George v. George, 56 Nev. 12, 41 P.2d 1059, 1060, 97 A.L.R. 983 (decided by this court when the required period of living apart was five years rather than three) stated, " * * * [I]t is clear that the discretion which the trial court is called upon to exercise depends not so much upon the comparative rectitude of conduct of the spouses as upon the

probability of their being able to live together in such a manner as to be for their best interest and the best interest of society." Sutherland v. Sutherland, 75 Nev. 304, 340 P.2d 581; Fausone v. Fausone, 75 Nev. 222, 338 P.2d 68; Kohlsaat v. Kohlsaat, 62 Nev. 485, 155 P.2d 474; Lagemann v. Lagemann, 65 Nev. 373, 196 P.2d 1018; Jeffers v. Jeffers, 55 Nev. 201, 29 P.2d 351.

Certainly, with the husband's testimony that there was no possibility of a reconciliation, the court cannot be viewed as having abused its discretion in meeting the above-quoted requirements for its exercise. Appellant urges that the court made no finding in this regard. However, with the evidence as stated, such a finding, supporting the judgment, will be presumed. Dillon v. Dillon, 68 Nev. 151, 227 P.2d 783; Dutertre v. Shallenberger, 21 Nev. 507, 34 P. 449.

The appellant wife also assigns error on the part of the trial court by reason of its refusal (1) to order the husband to pay her alimony, and (2) to set aside a portion of the husband's separate property for her support and that of the children. These two assignments may be considered together.

The parties were married in 1946 and the three minor children of the marriage, as well as the wife, had been supported by the husband prior to the separation. He continued to contribute to the support of the wife and the three minor children who lived with her during the period that the parties were separated preceding the divorce. During such four-year period of living apart the husband paid to the wife monthly sums aggregating slightly more than the $350 monthly which the trial judge ordered him to pay for the support of the children. In addition, the husband paid the taxes on the dwelling house occupied by the wife and the children, and also paid for certain utilities and miscellaneous expenses. At the trial he testified in effect that he would be agreeable to continue with such payments in like amount should the marriage be terminated by divorce. He also testified

concerning his earnings from employment in Las Vegas and his property interests consisting of an interest in the dwelling house above referred to and of a partnership interest having a value of about $30,000. With this evidence before it, the trial court made the stated provision for the support of the children by the husband, but made no provision as such for the support of the wife. The court did enter its judgment that the husband convey to the wife all of his interest in the dwelling house owned jointly by the parties, together with its furnishings. The estimated value of the husband's interest in this property does not appear. Both parties had participated in its acquisition during coverture, with the wife having used the proceeds of a veteran's loan for which she was eligible by reason of her military service. The evidence indicates that it was subject to an encumbrance of about $8,000 at the time the divorce was granted. An award of alimony to the wife, as well as the setting aside of any portion of the husband's interest in the partnership, constituting his separate property, were both matters within the discretion of the trial court, and under the evidence we are unable to say that its action with reference to either was so clearly erroneous as to constitute an abuse of discretion.

Judgment affirmed. No costs are allowed.

MCNAMEE, C. J., and BADT, J., concur.