HARLOW SIMMONS PEARSON, APPELLANT, v. ANNABELLE WEBB PEARSON, RESPONDENT.

No. 4322

February 20, 1961                    359 P.2d 386

*Denton & Smith* and *George F. Ogilvie, Jr.*, of Las Vegas for Appellant.

*Morse & Graves*, of Las Vegas, and *J. K. Dorsett, Jr.*, of Raleigh, North Carolina, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

Appellant brought this action against his wife for a divorce on the ground of three years' separation without

cohabitation. In her answer the wife admitted the separation but alleged that it was without fault on her part in that the husband had wilfully deserted her. With her answer she filed a cross-claim for separate maintenance based on her husband's wilful desertion. She later amended both her answer and cross-claim to charge her husband with adultery in addition to the charge of wilful desertion.

The trial court found that the parties had been separated for more than three consecutive years without cohabitation and that the separation was caused by the husband's complete and total abandonment of his wife and children since the year 1946. No finding with respect to the charge of adultery was made. The court refused to grant the husband a divorce because the separation "was never intended by the wife to have been continual." Thereupon it entered a judgment in favor of the wife for separate maintenance wherein it allowed her $68,948.44 for past support of the wife and the three children of the marriage less the sum of $38,160, the amount of a judgment she had already obtained against him in a court of another jurisdiction. In addition thereto, the lower court awarded her $200 a month for her support and maintenance commencing February 1, 1960.[1] Appeal is from such judgment, but appellant does not attack that part of the judgment awarding the wife $200 a month for her support.

1. NRS 125.010 provides in part as follows: "Divorce from the bonds of matrimony may be obtained for any of the following causes: * * * When the husband and wife have lived separate and apart for 3 consecutive years without cohabitation the court may, in its discretion, grant an absolute decree of divorce at the suit of either party."

This court has consistently held that such a statute does not require that a party seeking a divorce on the ground therein stated should be without fault. Herrick v. Herrick, 55 Nev. 59, 25 P.2d 378; Jeffers v. Jeffers,

---

[1]Future support for the children was not required for the reason each had reached his majority.

55 Nev. 201, 29 P.2d 351; George v. George, 56 Nev. 12, 41 P.2d 1059, 97 A.L.R. 983; Kohlsaat v. Kohlsaat, 62 Nev. 485, 155 P.2d 474; Lagemann v. Lagemann, 65 Nev. 373, 196 P.2d 1018; Fausone v. Fausone, 75 Nev. 222, 338 P.2d 68; Sutherland v. Sutherland, 75 Nev. 304, 340 P.2d 581. "The fault of one or both of the parties which may have caused the separation is merely a circumstance for the trial court to consider in the exercise of its discretion." Herrick v. Herrick, supra. The trial court may, provided its discretion is not abused, grant a divorce to a plaintiff who has been at fault from a defendant who has been entirely without fault. Lemp v. Lemp, 62 Nev. 91, 141 P.2d 212, 148 A.L.R. 1104. The trial court in exercising its discretion must also consider from the evidence whether a reconciliation between the parties is likely. "The discretion which the trial court is called upon to exercise depends not so much upon the comparative rectitude of conduct of the spouses as upon the probability of their being able to live together in such manner as to be for their best interest and the best interest of society." George v. George, supra.

Appellant contends that the evidence before the lower court is overwhelming to the effect that a reconciliation between husband and wife is impossible, and, because an 11 years' period of separation is conceded, the court abused its discretion in refusing to grant the husband a divorce.

It is apparent from the written decision of the trial court upon which its findings are based, that in the exercise of its discretion resulting in the denial of a divorce to the husband, the court did not consider any marital misconduct on the part of appellant. Its finding of wilful desertion of the wife by the husband related only to her cross-claim for separate maintenance. Evidence of the husband's good or bad conduct is admitted to aid, but not to control the court in the exercise of its discretion, and its consideration by the court "might be reasonably expected to influence the discretion conferred on the court by the statute." Jeffers v. Jeffers, supra; Lemp v. Lemp, supra. The court's refusal to

grant a divorce was based solely upon its conclusion that a reconciliation was possible. This conclusion resulted from a finding that the wife never intended the separation to be permanent. In this respect the court in its decision said: "The law with relation to three years' separation states that a decree may be granted in the discretion of the court. So long as the court has any discretionary powers in this instance the court is of the opinion that the separation of the parties was never intended by the wife to have been continual. The court is satisfied she has been led to believe the plaintiff would make a home for her in some other place but it never developed. Under the circumstances, a decree of divorce is denied."

The conclusion that a reconciliation was possible solely because the wife might have believed such to be true is, we believe, based on a false premise. Whether or not the wife sincerely believed that a reconciliation was possible is not of controlling significance when the evidence shows without contradiction that there is no possibility of reconciliation on his part. The fact that one party would be willing to reconcile and one would not constitutes no conflict in the evidence. The testimony of each party regarding his or her state of mind relative to the possibility of a reconciliation could both be true. There can be no reconciliation, however, if one party is unwilling to become reconciled with the other. The separation contemplated by the statute need not result from mutual consent but can result from the fact that the husband with or without the acquiescence of the wife intended to discontinue the marital relationship. Caye v. Caye, 66 Nev. 78, 203 P.2d 1013, 211 P.2d 252; Sutherland v. Sutherland, supra.

Because of the lower court's misconception of the evidence relating to reconciliation and its resultant erroneous conclusion therefrom, the contention of appellant that the court abused its discretion must be sustained. The case must therefore be remanded to the trial court with instructions that it exercise its discretion in light of the proven fact that a reconciliation between the

parties is impossible. This is not to say that the lower court would be precluded, in the exercise of its discretion, from denying the husband a divorce if, in the consideration of recriminatory evidence, such action would in its opinion be warranted. See Fausone v. Fausone, supra. In other words, upon reconsideration, the lower court is not by this opinion restricted in any degree from exercising the legal discretion given it by the statute, which discretion must be exercised in the light of all of the facts appearing in the record. Herrick v. Herrick, supra.

2. Appellant further contends that the court erred in finding that he was indebted to respondent in the sum of $30,788.44 and in giving judgment therefor. This figure represents a part of moneys expended by respondent since the separation of appellant and respondent for her support and the support of the three minor children.

The wife's only allegation relevant to such an award is "*  *  * That plaintiff can well afford, although plaintiff has refused since the separation of plaintiff and defendant, to support defendant and the said minor children of the parties with the sum of $1,500 a month. That said sum is a reasonable sum and a necessary sum for the support and maintenance of said minor children." The sufficiency of this pleading was not attacked in the lower court. The husband denied these allegations in his answer to the cross-claim but affirmatively alleged therein "that a court of competent jurisdiction, after hearing all the evidence, found that $200 per month is a fair and reasonable sum for the support and maintenance of the aforesaid minor children of the parties hereto," and prayed that "she receive nothing further than the allowance which has heretofore been made by the Domestic Relations Court of the State of New York wherein jurisdiction of both parties was then and there had by the court."

Appellant gives the following reasons for this claim of error: (a) nowhere in her pleadings did the respondent seek such a judgment; (b) if the evidence justified a finding that the appellant was indebted to anyone at all with respect to such past expenditures, it would be

to respondent's father who advanced the support money to respondent; and (c) reimbursement for past expenditures for support and maintenance is not the proper subject of a separate maintenance suit, but could only be recovered in an independent action.

Even though there is no allegation in respondent's pleadings which would support an award to her for sums she had expended for the past support and maintenance of herself and the children, respondent argues that such defect was waived since it is raised for the first time on appeal. Without deciding that issue, we have concluded that under the Nevada statute relating to actions for separate maintenance[2] a wife cannot in such an action seek recovery of sums expended by her for past support of either herself or of the minor children of the parties, whether or not she would be entitled to entertain an independent action therefor. Accord, Lemp v. Lemp, 62 Nev. 91, 141 P.2d 212, 148 A.L.R. 1104. Our conclusion renders unnecessary any further consideration of this claim of error.

The judgment insofar as it appears to approve the findings of fact and conclusions of law which determined that appellant was not entitled to a divorce is reversed; that part of the judgment in favor of respondent and against appellant for the sum of $30,788.44 is reversed; the security provisions of the judgment are modified so as to delete reference to the collection of $30,788.44. In all other respects the judgment is affirmed.

Respondent is allowed her costs.

BADT, C. J., and PIKE, J., concur.

[2]Subsection 1, NRS 125.210: "In any such action the court may assign and decree to the wife the possession of any real or personal property of the husband and may order or decree the payment of a fixed sum of money for the support of the wife or for the support of the wife and of her child or children and provide that the payment of the same be secured upon real estate, or other security may be required, or any other suitable provision may be made; payments to be made at such times and in such manner as to the court may seem proper."