STEFAN ISSARESCU, APPELLANT, *v.* ILEANA
ISSARESCU, RESPONDENT.

No. 5031

June 8, 1966 415 P.2d 67

*Diehl & Recanzone,* of Fallon, for Appellant.

*Laxalt, Ross & Laxalt,* of Carson City, for Respondent.

---

## OPINION

By the Court, THOMPSON, J.:

The district court granted Ileana Issarescu a divorce upon the ground of three years' separation without cohabitation. We are asked to reverse mainly because there is no explicit testimony or documentary evidence establishing that the separation was voluntary and with intent to discontinue the marital relationship. Mrs. Issarescu said nothing on the point, nor did her husband, the defendant, who contested the divorce and was personally present throughout the trial.

A claim for relief under NRS 125.010(9)[1] contemplates a voluntary separation without cohabitation for three years with intent by at least one of the spouses to discontinue the marital relationship. Pearson v. Pearson, 77 Nev. 76, 359 P.2d 386 (1961); Sutherland v. Sutherland, 75 Nev. 304, 340 P.2d 581 (1959); Caye v. Caye, 66 Nev. 83, 211 P.2d 252 (1949). The issue presented is

---

[1]NRS 125.010(9) reads: "Divorce from the bonds of matrimony may be obtained for any of the following causes: * * *

"9. When the husband and wife have lived separate and apart for 3 consecutive years without cohabitation the court may, in its discretion, grant an absolute decree of divorce at the suit of either party."

whether the trial court may permissibly infer a voluntary separation with intention to disrupt the marriage from the fact of separation without cohabitation for three years. We hold that the inference is permissible. NRS 52.020.[2] In our view, evidence of separation without cohabitation for the required period establishes a prima facie case. The burden of going forward then shifts to the contesting defendant to offer some credible evidence that the separation was involuntary and without intention to discontinue the marriage. If the defendant does so, the plaintiff may then offer evidence in rebuttal, and the court will resolve the conflict, if one exists. If the defendant does not offer such evidence, the court in its discretion may draw reasonable inferences from the evidence of separation without cohabitation for three years.

We have heretofore held that, in the absence of an express finding that the separation was voluntary, this court will imply such a finding in order to support the judgment. Caye v. Caye, 66 Nev. 83, 211 P.2d 252 (1949). In a three-year separation case we have also implied the finding that a reconciliation is impossible. Baker v. Baker, 76 Nev. 127, 350 P.2d 140 (1960). Our ruling today is in line with those decisions.

An error is assigned relating to the bona fides of the plaintiff's residence. It is claimed that the trial court did not consider letters from plaintiff's New York counsel bearing upon her intention to establish Nevada as her home. The letters were written before the plaintiff came to Nevada and could be read to mean that the plaintiff intended to come to Nevada solely for the purpose of securing a divorce. We do not decide whether the letters should have been received in evidence. They were admitted and, we think, considered by the court. In evaluating the evidence, the court was not bound to prefer those letters to the plaintiff's trial testimony

---

[2]NRS 52.020 reads: "An inference is a deduction which the reason of the jury makes from the facts proved, without an express direction of law to that effect."

which amply supports the court's finding in her favor on the issues of residence and domicile.[3]
Affirmed.

COLLINS, J., and ZENOFF, D. J., concur.

---

[3]The attorneys for the respondent on appeal were not her attorneys in the trial court.