HAZEL BOZELLI, Appellant, *v.* RAY BOZELLI, Respondent.

No. 5775

September 11, 1969        458 P.2d 356

*Robert H. Moore,* of Reno, for Appellant.

*Fry and Fry,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Ray was granted a divorce from Hazel upon the ground that they had lived separate and apart for one year without cohabitation. NRS 125.010(9), effective July 1, 1967. This action for divorce was commenced March 30, 1967 before the amendment to NRS 125.010(9) reducing the required period of separation from three years to one year. The parties had been separated about nine months when this litigation started. The trial of this case did not occur until August 1968 at which time the parties had been separated for more than two years. The district court allowed Ray to amend his complaint to allege one year separation without cohabitation and a divorce was granted to him on that ground. This is assigned as prejudicial error since that cause for divorce did not exist when suit was commenced.

It is clear from the record that the separation resulted "from the voluntary act of at least one of the parties," in this instance, Ray's. Caye v. Caye, 66 Nev. 78, 87, 203 P.2d 1013 (1949); Issarescu v. Issarescu, 82 Nev. 239, 415 P.2d 67 (1966). The fact that litigation was pending between them does not interrupt or destroy their separation. Benson v. Benson, 66 Nev. 94, 101, 204 P.2d 316 (1949). It is true, of course, that this new cause for divorce should have been introduced by a supplemental pleading since it did not exist when suit was started. NRCP 15(d); Las Vegas Network v. Shawcross, 80 Nev. 405, 395 P.2d 520 (1964). An amended pleading relates back to the date of the original (NRCP 15(c)) and asserts facts which were in existence at that time. As we see it, however, no useful purpose will be served by applying the distinction between supplemental and amended pleadings to the case at hand. Were we to reverse on this basis the case would simply be retried with the same result. In these circumstances we shall treat the amended complaint as a supplemental complaint. Cf. Rogers v. State, 85 Nev. 361, 455 P.2d 172 (1969).

Hazel also contends that Ray failed to prove his Nevada residence. The record shows otherwise.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.